[No. 26779. Department Two. November 30, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD F. MORGAN, *Appellant*.[1]

[1]Reported in 73 P. (2d) 745.

426

*Will Lanning,* for appellant.

*B. Gray Warner* and *Grant G. Calhoun,* for respondent.

BEALS, J.—The defendant, Edward F. Morgan, was charged by information with the crime of grand larceny. The information contained three counts, each alleging that the defendant, by means of a trick, device, and bunco game, procured money in excess of twenty-five dollars from a person named. The defendant pleaded not guilty, and upon his trial the jury returned a verdict of guilty on each count, whereupon the defendant moved for arrest of judgment or in the alternative for a new trial. These motions were denied, and from a judgment of guilty entered pursuant

to the verdict, and sentence thereon, the defendant has appealed.

Appellant contends that the trial court erred in neglecting to make a preliminary statement of the case to the jurors, and in allowing the prosecutor, before the jury was regularly impaneled, to make a statement of the case to the jurors and ask general qualifying questions. Appellant also assigns error upon the ruling of the court in allowing the prosecutor, over appellant's objection, to make a formal opening statement to the jury after the jurors were sworn to try the case. Error is also assigned upon the ruling of the trial court refusing to allow appellant's counsel to ask prospective jurors two qualifying questions; upon the denial of appellant's motion to require the prosecuting attorney to present to the court, in the absence of the jury, certain questions relative to appellant's past history; and upon the overruling of appellant's objection to a question asked appellant on cross-examination. Appellant also contends that the trial court erred in overruling his objection to a portion of the argument of counsel for the state, and in denying appellant's motion for arrest of judgment or for a new trial.

The evidence is not before us, appellant relying upon what is, in effect, a bill of exceptions.

■ ■ It appears that, after twelve prospective jurors had been summoned from the panel and were seated in the jury box, the trial court allowed the deputy prosecuting attorney to make a statement of the case, informing the members of the jury panel who were present concerning the charge against appellant, and advising them of the names of the witnesses who would be called and of counsel for the respective parties, and also permitting the prosecutor to ask general qualifying questions. To this procedure, appellant

objected, his objection having been overruled and an exception allowed.

In support of his argument on this point, appellant cites as an authority one of the special rules of the superior court for King county, adopted January 30, 1929, which, it is stated, provides that

". . . the trial judge shall examine the jury touching their qualifications to act as fair and impartial jurors in the case before him . . ."

Appellant files in this court a purported copy of this rule and states that the same was adopted January 30, 1929, but the bill of exceptions contains no reference to any such rule, and this court cannot take judicial notice thereof. While it is true that, if any such rule is in effect in King county, it should be observed, the record before us does not disclose any basis for appellant's assignment of error. Appellant does not contend that the prosecutor made any incorrect or unfair statement of the case, but relies merely upon the violation of a special rule governing superior court procedure in King county, the record containing no reference to any such rule.

The rule of practice in King county requiring the trial judge to examine the jury touching their qualifications to act as fair and impartial jurors, while probably good practice, is an innovation upon long established rules of procedure. Certainly, the generally established custom in criminal cases has been that the attorney for the state advises the jury concerning the issues in the case, the names of the parties and the witnesses, and other matters of a general nature which the jurrors should know in order that they may intelligently answer more special questions touching their qualifications to act as jurors in the particular case on trial. That such a statement by the attorney for the state may happen to be divided into two

portions—one preliminary in its nature, made to the entire panel present; the other special, directed to jurors who have been called to answer on their *voir dire*—cannot result in prejudice to the accused, in the absence of the employment of unfair tactics by the prosecutor. Nothing of the sort appears in the case at bar. This assignment of error is without merit.

Appellant next contends that the trial court erred in allowing the prosecuting attorney to make a second statement of the case to the jury. As the first statement was very general and merely preliminary in its nature, it was proper to direct the prosecuting attorney to make to the jurors who had been sworn to try the case a more definite and particular statement of the issues to be tried. No error appears in connection with this matter.

■ On the *voir dire*, appellant's counsel desired to ask prospective jurors the following questions:

"If, after hearing all the testimony in this case, and the instructions of the court, and argument of counsel, and retiring to the jury room, and discussing and considering all the testimony and the instructions of the court for a reasonable length of time, you come to the conclusion that the state has not proved its case beyond a reasonable doubt, will you vote to find the defendant 'not guilty'?"

"If after having reached such conclusion after such consideration, will you stand by that conclusion regardless of how other members of the jury may vote and not be influenced by outside considerations?"

Error is assigned upon the refusal of the trial court to permit these questions to be asked. Appellant does not contend that the court otherwise limited his examination of prospective jurors touching their qualifications to serve in the case on trial, and it must be assumed that appellant's counsel was permitted to ask all proper questions which he desired to propound to

the prospective jurors whose names had been called. Appellant argues that the two questions were practically one, as indeed they are, and so considering them, they were clearly improper as tending to eliminate discussion among the members of the jury after the case should be submitted to them for their decision. *State v. Godwin,* 131 Wash. 591, 230 Pac. 831; 1 Hyatt on Trials, § 890, p. 915. It is the duty of the court to instruct the jurors as to their duties, and in the case at bar, it is not contended that the trial court failed to fully inform the jurors of their duties in this regard and concerning the facts which they must find before they would be justified in returning a verdict of guilty. We find no error in the action of the trial court in connection with this phase of the case.

It appears that after the jury was impaneled, but in its absence, appellant moved the court to require the prosecutor to advise the court in advance as to any questions which he proposed to ask or testimony which he intended to offer relating to appellant's previous arrests which had not resulted in convictions. This motion the trial court denied, and upon this ruling appellant assigns error.

As disclosed by the record, appellant's motion was very vague and indefinite and extremely general in its nature. The trial court was not required to consider any such questions at the time appellant sought to obtain a ruling thereon. In the exercise of its sound discretion, the court could refuse to go into the matter in advance of the offer of evidence, in regular course, during the trial, and no error can be predicated upon this ruling. In the case of *State v. Smith,* 189 Wash. 422, 65 P. (2d) 1075, it appeared that the court did choose to consider the matter of the legality of certain evidence which the defendant's counsel believed the state would offer, and ruled that such evi-

dence would be objectionable. Whether or not the trial court will consider any such question in advance of the actual offer of evidence, rests within the sound discretion of the court. This assignment of error is without merit.

It appears that appellant took the stand as a witness on his own behalf, and that, upon cross-examination, counsel for the state asked appellant if he had ever been convicted of a crime in the state of New Mexico, to which question appellant objected, his objection having been overruled. Appellant assigns error upon this ruling of the court, but the question was clearly proper, and so far as the record discloses, if appellant answered the question in the negative, no attempt was made to impeach him upon the ground that his answer was untrue.

It appears that, in his closing argument to the jury, counsel for the state contended that appellant was "hiding behind the skirts of a woman," and appellant contends that this argument was unfair and constitutes such misconduct that because thereof the court should have granted him a new trial. The record does not show that appellant made any objection to this argument, but does show that appellant's wife had attended him in the court room, and that appellant had testified concerning his devotion to her, and that whatever he had done was the result of his love for her. The record also discloses that, in his argument to the jury, appellant's counsel had stated that the heavier portion of the punishment fell upon the wives of persons convicted. Under the circumstances, it cannot be held that the argument of which appellant complains was improper or went to any greater lengths than the circumstances justified.

The record discloses nothing which would have warranted the trial court in granting appellant's motion

432

for arrest of judgment or awarding him a new trial. The judgment appealed from is affirmed.

STEINERT, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.