[No. 30174. Department One. July 3, 1947.]

VIRGIL SCHEIBER, as *Administrator, Appellant,* v.
WALTER D. GRIGSBY, *Respondent.*[1]

[1] Reported in 182 P. (2d) 745.

*Schaefer & Hall,* for appellant.

*Wilkinson & Langsdorf,* for respondent.

SIMPSON, J.—Plaintiff, as administrator of the estate of Charles R. Littler, deceased, instituted this action for the benefit of the widow of the deceased. The cause was tried to the court, sitting without a jury. At the close of the evidence presented on behalf of the plaintiff, the court granted defendant's motion for nonsuit and dismissed the action.

Plaintiff has appealed. He contends that the court erred in finding that decedent was an independent contractor, assumed the risk of the employment, and was guilty of contributory negligence, and in finding that defendant was not negligent.

The facts are these: Respondent owned a farm upon which was situated a barn in need of reshingling. He went to the home of Littler on or about July 6, 1944, and asked him to do the work of placing new shingles on the barn, and offered to pay fifty cents an hour for the work. Respondent was informed by Littler that the work was "too much of a job," and that he had little experience aside from helping and doing patchwork. Respondent then told Littler to get a man to help and promised to pay for the necessary tools. Each workman was furnished with a roof jack, so constructed that it could be firmly attached to a sloping roof and afford a safe seat upon which the workman might sit while working. Respondent also told Littler that he thought there was enough lumber beside the barn with which to do the work. The lumber was described as rough lumber, consisting of 2 by 4's and 2 by 6's, the 2 by 6's being about twenty feet long. There was insufficient lumber to build a scaffold along the whole side of the barn, so Littler and his fellow workman, Charles C. Wiegand, built a short scaffold on the west side of the barn.

After building a scaffold, the men placed two 2 by 6's on the roof running parallel, and about three feet above the eaves. The 2 by 6's extended along the roof to within five or six feet of the south end of the barn. Both men wore caulked shoes for the purpose of work. While Littler was adjusting a chalk line to gauge the location of new shingles, he stepped onto the portion of the roof not protected by the 2 by 6's, slipped, and fell to the ground. The injuries he received resulted in his death a few days later. Respondent was not present on his farm at any time during the progress of the work. There was no evidence introduced which indicated that respondent in any way directed the manner in which the work was to be performed.

Respondent contends that Littler was an independent contractor who agreed to reshingle the barn in his own way, and at his own risk.

"An independent contractor is one who, in exercising an independent employment, contracts to do certain work, according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work. 27 Am. Jur. 481, § 2.

"In the early case of *Larson v. American Bridge Co.,* 40 Wash. 224, 82 Pac. 294, 111 Am. St. 904, we stated:

" 'The general test which determines the relation of independent contractor is that he shall exercise an independent employment, and represent his employer only as to the results of his work and not as to the means whereby it is to be accomplished. The chief consideration is that the employer has no right of control *as to the mode of doing the work*; but a reservation by the employer of the right to supervise the work, for the purpose of merely determining whether it is being done in accordance with the contract, does not affect the independence of the relation. 16 Am. & Eng. Ency. Law (2d ed.), 187, 188.' " *Bill v. Gattavara,* 24 Wn. (2d) 819, 167 P. (2d) 434.

The evidence in the case at bar clearly demonstrates that Littler was an independent contractor, as defined in the cited case. He agreed to shingle the barn in his own way and was not directed by respondent as to the manner in which the work should be completed.

█ Assuming, however, that the relationship of master and servant existed, we are compelled to hold that Littler assumed the risk attendant upon stepping on the unprotected portion of the roof. Any person with ordinary powers of observation knows that there is danger attendant upon stepping on a sloping roof. Littler was charged with that knowledge and assumed the risk of injury when he walked on the unprotected portion of the roof. *Cummins v. Dufault,* 18 Wn. (2d) 274, 139 P. (2d) 308.

The injured workman took no precautions to protect himself by using the roof jack, or firmly setting his caulked shoes into the shingles, or extending a 2 by 6 entirely across the roof.

The judgment of the trial court is correct and is therefore affirmed.

MALLERY, C. J., MILLARD, and ABEL, JJ., concur.

HILL, J. (concurring in the result)—Charles R. Littler having been guilty of contributory negligence, it seems to me unnecessary to consider or determine any other issue.