[No. 36349. Department One. January 31, 1963.]

JOHN J. CHARLTON et al., Appellants, v. CHARLES T. BAKER et al., Respondents.*

*Reported in 378 P. (2d) 432.

*Geo. W. Young*, for appellants.

*H. Earl Davis*, for respondents.

ROSELLINI, J.—This is a personal injury action, involving a collision at an uncontrolled intersection in Spokane. The plaintiff husband, the favored driver, was proceeding south on Haven Street, and the defendant husband, the disfavored driver, was proceeding west on Queen Avenue.

The defendant's view to the right was partially obstructed by a building, on the northeast corner; and this building also partially obstructed the view of the plaintiff. Each driver saw the other vehicle shortly before the collision.

The favored driver testified that, as he came within a few feet of the intersection, he saw the disfavored vehicle approaching. He assumed it would stop, but immediately thereafter became aware that it was not stopping and applied his brakes. The disfavored driver testified that he saw the favored vehicle when it was about 60 or 65 feet back from the intersection and when he himself was about 21 feet back from the intersection. He slowed down, then, a second later, when he saw that the favored vehicle was traveling faster than he had thought it was, applied his brakes. The disfavored vehicle skidded 23 feet and the favored vehicle 12. The favored vehicle was struck in the center of the left side; and the collision occurred within its lane of traffic.

There was no eyewitness to the accident, and the only evidence concerning it was the testimony of the parties and the physical facts to which the investigating officers testified. The evidence showed that after the collision, the favored driver momentarily lost consciousness (he received a cut on the head and suffered a concussion), and his vehicle proceeded forward a distance of about 90 feet, coming to rest against a house on his right-hand side of the street. A witness said that it appeared to be traveling about 15 miles per hour at that time.

According to the uncontradicted testimony of the favored driver, he and his wife had been shopping near the scene of the accident, and had left their parking place by way of an alley a half block north of the intersection. In other words, they had turned onto Haven Street a half block north of the scene of the accident. He estimated that they were traveling at a speed of 15 to 20 miles per hour as they approached the intersection. The disfavored driver, when asked how fast he thought the favored driver was traveling, said:

"It is hard to judge another driver, how fast he was going. But at the rate of my speed, I thought he was doing about 30, approximately 30."

When he first saw the car, he said, he didn't think "he was coming as fast as he was." He was asked what he did then.

"Well, I seen he wasn't going to stop—not that it was his place to stop, but he was just coming faster than I thought he was, and he stopped and I stopped just as I hit him, or he hit me, or both hit. I don't know which it was."

The maximum speed limit on both streets was 25 miles per hour. The day was clear, visibility was good, and the pavement was dry. The favored driver testified that he had formed no impression as to the speed of the disfavored driver's car.

The trial court instructed the jury that the disfavored driver was negligent as a matter of law, but submitted to it the question of the favored driver's contributory negligence. The jury returned a verdict in favor of the defendants.

It is the contention of the favored driver here that there was no more than a mere scintilla of evidence of negligence on his part, and that a verdict should have been directed in favor of the plaintiffs. The only negligence about which there was testimony was excessive speed.

As we said in the recent case of *Robison v. Simard*, 57 Wn. (2d) 850, 360 P. (2d) 153, although a favored driver may assume that a disfavored driver will yield the right of way, this does not justify recklessness by the favored driver; and all drivers, including those having the right of way, must exercise ordinary care.

■ However, as we have often said, negligence is never presumed and the burden is upon one alleging such negligence to establish it by substantial evidence. This court has long since repudiated the "scintilla of evidence doctrine" and has repeatedly held that evidence sufficient to support a verdict must be substantial. *Boyle v. Lewis,* 30 Wn. (2d) 665, 193 P. (2d) 332. *Ruff v. Fruit Delivery Co.,* 22 Wn. (2d) 708, 157 P. (2d) 730.

■ Here the only evidence that the favored driver was speeding was given by the disfavored driver, who had but a second or two to form an impression, and whose mind was also occupied with forming a judgment as to whether he should apply his brakes or proceed across the intersection. A speed of 30 miles an hour does not seem probable where a vehicle has just left a parking place and turned out of a narrow alley onto the street. Also, by the disfavored driver's own testimony, the favored driver stopped, and the physical evidence was that he laid down only 12 feet of skid marks in doing so. There was no evidence that the fact that the favored vehicle proceeded on after the impact a distance of 90 feet was attributable to its prior speed, or was indicative of what that speed was.

In the case of *Zorich v. Billingsley,* 55 Wn. (2d) 865, 350 P. (2d) 1010, we held that, where the disfavored driver, whose view was obstructed as in this case, had only a fleeting view of the favored driver, and in that instant was also preoccupied with the impending disaster, gave an opinion as to the speed of the favored vehicle, his opinion carried no probative value, being at most a scintilla of evidence.

It is true that in this case, the disfavored driver had more than a fleeting glimpse of the favored vehicle. He observed it for two or three seconds. At the first glance, he said, he formed no opinion as to its speed. A second later he thought it was going about 30 miles per hour, and another second later it was stopped. Meanwhile he decided to slow down, and then decided to apply his brakes. It is plain, that in view of the brief time that the disfavored driver observed the favored vehicle, and the variety of impressions that crossed his mind, he did not have an opportunity to make

an intelligent judgment regarding its speed. His testimony on this point, therefore, was not the substantial evidence that is necessary in order to prove contributory negligence.

At the time of the accident, the disfavored driver told an investigating officer that he did not see the favored vehicle until it was in the intersection. This statement is in accord with the evidence, and it is clear that the accident was caused by the failure of the disfavored driver to keep his automobile under control and maintain a proper lookout, in order to be able to yield the right of way to drivers on his right.

We are aware that, in the recent case of *Day v. Frazer,* 59 Wn. (2d) 659, 369 P. (2d) 859, we held that the jury was entitled to consider the testimony of a defendant wife, who said that the plaintiff's vehicle was approaching "fast" and translated this to miles per hour, even though this testimony was very weak. However, in that case, we held that there were physical facts which could be considered in conjunction with this testimony, which tended to support it. Here we have no similar physical facts.

We conclude that the trial court erred in submitting the issue of contributory negligence to the jury.

The judgment is reversed and the cause remanded for a new trial limited to the question of damages.

HILL, FINLEY, and WEAVER, JJ., concur.