[No. 38780. En Banc. August 17, 1967.]

REX WILSON et al., *Appellants*, v. LYNN STONE et al., *Respondents*.*

*Reported in 431 P.2d 209.

*Duane Lansverk* (of *Robinson, Landerholm, Memovich, Lansverk, Whitesides & Marsh*) for appellants.

*Ned Hall,* for respondents.

Neill, J.—But for the fact that plaintiff Virginia Wilson was a guest in an automobile operated by a disfavored driver, we would herein be confronted with another of the troublesome intersection collision cases involving a favored driver and a disfavored driver at an arterial intersection. *Reamer v. Walter H. C. Griffiths, Inc.,* 158 Wash. 665, 291 Pac. 714 (1930); *Bos v. Dufault,* 42 Wn.2d 641, 257 P.2d 775 (1953). However, for convenience, we will use the term "favored driver" to apply to the defendant Lynn Stone, even though the plaintiff is not a "disfavored driver," for the reason that we believe that defendant's standard of care should be viewed and tested in light of his right to assume that persons entering an arterial highway will yield to his statutory right of way.

To facilitate unobstructed movement of vehicular traffic on arterial highways, the legislature, by RCW 46.60.170, in effect on the date of this accident, provided (1) that a disfavored driver must stop at the entrance to any intersection with an arterial highway; (2) that the disfavored driver shall look out for and give right of way to the driver of vehicles traveling upon the arterial highway; and (3) that the disfavored driver must yield the right of way to the

drivers of vehicles upon the arterial highway simultaneously approaching the intersection whether or not the disfavored driver first reaches and enters the intersection. The legislature, further, by RCW 46.60.330 (now RCW 46.61.195) authorized the Washington State Highway Commission to designate which roads will be arterial highways for the purpose of facilitating the movement of vehicular traffic through populated areas.

On December 1, 1963, Lynn Stone, accompanied by his wife and daughter, was driving his Pontiac automobile on Columbia Street, an arterial highway, in the city of Vancouver. As Mr. Stone approached the intersection of the arterial highway with 27th Street, his automobile collided with an automobile being driven by Mrs. Katherine Davenport, who had failed to stop and yield the right of way to the Stone vehicle at the intersection. Mrs. Davenport's automobile was struck on the left side by the Stone vehicle. Mrs. Virginia Wilson was riding in the front seat of the Davenport automobile and four of Mrs. Wilson's children were riding in the back seat.

At impact, the Stone vehicle stopped immediately. The one being driven by Mrs. Davenport proceeded forward across the highway and spun around, throwing Mrs. Wilson onto the pavement, injuring her.

Mrs. Wilson and her husband commenced this action against Lynn Stone and his wife alleging three acts of negligence on the part of the favored driver: (1) failing to keep his vehicle under proper control; (2) failing to keep a proper outlook for the vehicle in which Mrs. Wilson was riding; and (3) traveling at a speed greater than authorized and greater than reasonable under existing conditions. The jury returned a verdict for the plaintiffs. The defendants moved for a judgment notwithstanding the verdict, contending that the favored driver was not shown to have been negligent. The court, in an extensive memorandum opinion, analyzed the evidence and concluded: "The court is of the opinion that the plaintiff has not proven any negligence on the part of the defendant by substantial evi-

dence." From a judgment of dismissal of plaintiffs' cause of action, they appeal.

Appellants' assignments of error present a single issue, namely, did appellants' evidence meet the burden of proof required to establish actionable negligence on the part of the favored driver?

■■■ In resolving this issue we are bound by the following rules: (1) The court, in granting a judgment notwithstanding the verdict, must consider the evidence and all inferences therefrom most favorable to the nonmoving party. *Ewer v. Johnson*, 44 Wn.2d 746, 270 P.2d 813 (1954). (2) Negligence is never presumed and one who asserts it has the burden of proving it by substantial evidence. *Charlton v. Baker*, 61 Wn.2d 369, 378 P.2d 432 (1963). (3) A scintilla of evidence does not meet the requirements of the substantial evidence rule. *Poland v. Seattle*, 200 Wash. 208, 93 P.2d 379 (1939). (4) In determining whether the evidence is a scintilla only, the court cannot weigh the evidence. *Lambert v. Smith*, 54 Wn.2d 348, 340 P.2d 774 (1959). (5) The testimony of a witness whose determination of speed is predicated upon a fleeting glance of the oncoming vehicle constitutes only a scintilla of evidence. *Sanders v. Crimmins*, 63 Wn.2d 702, 388 P.2d 913 (1964).

Applying these tests to the first two allegations of negligence stated above, the record shows that neither the appellant Mrs. Wilson nor her disfavored driver saw the Stone vehicle until the moment of impact. The only evidence relating to Mr. Stone's having exercised proper outlook and proper control was given by the respondents. Mr. Stone, the driver of the favored vehicle, stated that he saw the disfavored automobile approaching on 27th Street at what he considered to be a legal rate of speed; that as he observed the vehicle approaching he thought it would stop at the arterial highway intersection; that when he observed that the disfavored vehicle was not going to yield the right of way, he immediately applied the brakes and at the time of impact was traveling so slowly that his automobile did not move after impact.

■ There was some evidence that Mrs. Stone saw the approaching vehicle approximately 40 feet away traveling at an excessive rate of speed and that she thought the disfavored vehicle would not stop and yield the right of way. There is no evidence that she conveyed her impression to the driver of the favored automobile. A favored driver on an arterial highway has a right to assume that a disfavored driver entering upon the arterial highway will obey the law by stopping and yielding the right of way.

There is no evidence in the record that the favored driver did not observe the disfavored vehicle approaching. When the disfavored driver failed to stop, the favored driver immediately applied the brakes and attempted to avoid the collision. The burden is upon the appellants to establish by substantial evidence that the favored driver failed to keep a proper outlook or to keep his vehicle under control. The court did not err in holding as a matter of law that appellants' evidence in this regard did not meet the test of the substantial evidence rule.

Appellants' third allegation of negligence is that the favored driver was traveling at a speed greater than authorized and greater than reasonable under existing conditions. There is no dispute in the evidence that it was a bright and clear Sunday afternoon, the highway was dry, and traffic was relatively light.

The evidence with reference to speed in excess of the posted 25 miles per hour was furnished by appellant Mrs. Wilson and her 14-year-old daughter.

Mrs. Davenport, the disfavored driver, testified that she entered the intersection at 25 miles per hour and that she could not testify to the speed of the Stone vehicle.

Q. When did you first see the Stone vehicle bearing down on you? A. Just before impact about a split second, just a flash. . . . Q. Were you able to form an estimate of the speed of the Stone vehicle from the glance you did catch of it? A. From the glance, no, I couldn't say. It wasn't long enough.

The daughter of Mrs. Wilson testified that she did not see the oncoming favored driver until they had proceeded into the intersection. Her testimony in this regard is as follows:

Q. As the car approached the intersection, did you ever observe the Stone vehicle before the collision? A. Yes, I glanced out the side window and I saw it coming. . . . Q. . . . Could you tell us where your car was at the time you first saw the Stone automobile? A. We were—we were just pulling out about here, and I looked up the street from the side and I saw it. Q. Pulling out from where? A. Pulling out from where the stop sign was supposed to be.

Mrs. Wilson testified:

Q. Your automobile was in the southbound lane on Columbia Street when you first saw the Stone automobile, right? A. Yes. . . . Q. Where was your—I keep saying your car, I mean the car you were riding in, or the Davenport car—where was that car at the time that you saw the Stone automobile? A. Just entering the intersection. . . . Q. Let's see, can you say about how fast you were going when the accident occurred? A. I would say fifteen, sixteen miles an hour.

Considering the speed of the Davenport vehicle as it entered the intersection at 15 or 16 miles per hour, as testified to by Mrs. Wilson, and considering that the distance traveled before impact was no more than 18 feet (the width of the southbound lane of Columbia Street) and allowing nothing for reaction time on the part of the person making an estimate of the speed, the maximum elapsed time from the first moment of observation to the moment of the impact of the two vehicles was not more than 9/11 of one second. The observation of these two witnesses of the oncoming vehicle for a period of 9/11 of one second is nothing more than a fleeting glance. To establish negligence predicated upon excessive speed requires proof by substantial evidence. The estimate of speed made by Mrs. Wilson and her daughter falls far short of constituting substantial evidence.

The favored driver and his wife testified that they were traveling 20 to 25 miles per hour. Two experts were called

to estimate, from physical facts, the speed of the Stone vehicle. One expert testified that the Stone vehicle was traveling at approximately 22½ miles per hour at the time Mr. Stone applied the brakes. The other testified that Mr. Stone was not traveling at excessive speed.

Giving the appellants the most favorable inferences to be drawn from the physical evidence, as analyzed by the experts, it can be held as a matter of law that the respondent's speed was not the proximate cause of the collision. The court did not err in granting judgment notwithstanding the verdict. There was no substantial evidence to support a finding of negligence on the part of the favored driver.

██ The rules governing traffic upon arterial highways must differ from the established rules concerning vehicles simultaneously approaching an uncontrolled street intersection on streets other than arterial highways. To strictly apply the *Hadenfeldt* rule *(Martin v. Hadenfelt,* 157 Wash. 563, 289 Pac. 533 (1930)) to persons traveling on an arterial highway would defeat the legislative purpose of creating an arterial highway to facilitate the movement of traffic.

For the reasons stated above, the judgment is affirmed.

ALL CONCUR.

---

October 19, 1967. Petition for rehearing denied.