[No. 43735. En Banc. May 6, 1976.]

WILLIAM LEE FENIMORE, *Appellant*, v. DONALD M. DRAKE CONSTRUCTION COMPANY, *Respondent*.

*Schroeter, Jackson, Goldmark & Bender,* by *John Goldmark,* for appellant.

*Craig P. Campbell* and *Terence P. Lukens* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow*), for respondent.

RosELLINI, J.—The appellant was injured when a reinforcing steel structure upon which he was working toppled. The structure, a cage which was designed to form a portion of the reinforcement for one of the concrete columns supporting the dome of the King County stadium, was footed in concrete. Ordinarily stable in the absence of some horizontal force, it bent to the ground under stresses placed upon it in the process of changing guy wires which were used to keep it aligned.

The appellant was entitled to workmen's compensation, since his employer, a subcontractor, was covered under the industrial insurance act. He brought this action against the general contractor (the respondent here) and the owner, alleging that negligence of the former was a proximate cause of his injuries. The respondent denied any negligence proximately causing the accident.

By the time the case was ready for trial, the appellant had dismissed the owner (King County) and had reduced his claims of negligent acts to the following: (1) failing to provide the plaintiff a safe place to work; and (2) installing an inadequate anchor bolt.

After a month of trial, the case was submitted to the jury, which returned a verdict in favor of the respondent. We accepted an appeal directly to this court in order to clarify our prior holdings and our position with respect to the use of pretrial motions to exclude evidence.

The appellant's motion was made orally on the opening day of trial. It asked the court to exclude any evidence of negligence on the part of the subcontractor which the respondent might offer, unless the evidence tended to establish (1) that the subcontractor was responsible for the selection and positioning of the anchor bolt, (2) that the bolt was as strong or stronger than the other components of the guy wire system used to steady and align the cages, or (3) that the subcontractor's acts, after installation of the bolt, were entirely unforeseeable by the respondent. The evidence which the appellant sought to exclude was not specified and the court was not given a memorandum showing that the evidence was inadmissible.

In opposing the motion, the respondent contended that it was entitled to show that the accident was caused solely by the negligence of the subcontractor. The appellant's argument to the court, on the other hand, assumed that negligence of the respondent was a contributing cause of the accident. It was therefore his theory that concurrent negligence of the subcontractor would be irrelevant, since such negligence does not excuse a defendant whose negligence was also a cause of an injury.

In denying the motion the trial court noted that the relevance of testimony not yet offered would have to be determined in the context of the trial. It advised the appellant to object as the evidence was offered, when the court would be in a better position to determine its relevance and admissibility.

Motions made by the respondent to limit the appellant's evidence were also denied.

In attacking the trial court's ruling denying his motion, the appellant contends that the jury should have been shielded from evidence that negligence of his employer caused the accident. He cites the case of *Lapasinskas v. Quick*, 17 Mich. App. 733, 170 N.W.2d 318 (1969), a suit to recover for injuries to a child resulting from the defendant's negligent driving. The Michigan court held that it was error to deny a motion to exclude evidence of the father's negligence in failing to properly attend his child. There was no contention in that case that negligence of the father was the *sole* proximate cause of the accident. It was assumed by the court that evidence of his negligence was not relevant to any issue in the case and was introduced only to prejudice the jury.

Other cases cited by the appellant from other jurisdictions, namely *McCullough v. Ward Trucking Co.*, 368 Mich. 108, 117 N.W.2d 167 (1962), and *Sacramento & San Joaquin Drainage Dist. ex rel. Reclamation Bd. v. Reed*, 215 Cal. App. 2d 60, 29 Cal. Rptr. 847 (1963), support the general proposition that inadmissible and prejudicial evidence should be excluded upon proper motion being made, but do not illuminate the question whether evidence of the subcontractor's negligence in this case was inadmissible.

There was nothing in the record before the trial court at the time the appellant made his motion to show that negligence of the respondent was established or that such negligence caused the accident. Negligence is never presumed. *Wilson v. Stone*, 71 Wn.2d 799, 431 P.2d 209 (1967). While the burden was upon the appellant to show these facts, it was at the same time the respondent's right to show that the accident was produced by some other cause. In fact, if the appellant should make out a prima facie case, it would then be incumbent upon the respondent to go forward with the evidence and show that the accident resulted from some other cause. *Poth v. Dexter Horton Estate*, 140 Wash.

272, 248 P. 374 (1926); 65A C.J.S. *Negligence* § 208, at 471 (1966).

■ All facts tending to establish a theory of a party, or to qualify or disprove the testimony of his adversary, are relevant. *Ladley v. Saint Paul Fire & Marine Ins. Co.*, 73 Wn.2d 928, 442 P.2d 983 (1968).

It may be granted that, if the appellant should convince the jury that the respondent's negligence was a proximate cause of the injuries, proof of the concurrent negligence of the third party would not relieve it of liability. Nevertheless, since it was relevant to the respondent's theory of the case, evidence of the subcontractor's negligence was admissible. The trial court was justified in denying the motion for this reason alone, without taking into account the additional fact that the motion did not specify the evidence which it was sought to have excluded.

Pretrial motions to exclude evidence are designed to simplify trials and avoid the prejudice which often occurs when a party is forced to object in front of the jury to the introduction of inadmissible evidence.

An annotation in 94 A.L.R.2d 1087 (1964) declares that the concept of securing a ruling on relevant evidence at any time other than during the trial of a case is entirely foreign to the common law. At the time this annotation was written, a majority of the courts were found to have held the view that a trial judge has no duty to entertain such a motion. Others had held that the judge had such a duty, and still others considered the matter discretionary with the trial court.

The only federal rule which would appear to authorize a court to entertain a pretrial exclusionary motion in a civil case is Fed. R. Evidence 104(c), adopted in 1975. It provides that hearings on preliminary matters may be conducted outside the presence of the jury when the interests of justice may require. No standards or guidelines are given.

A review of our cases shows that we have generally regarded the matter as one which is discretionary with the

trial court. In *State v. Smith*, 189 Wash. 422, 65 P.2d 1075 (1937), a criminal prosecution in which the defendant had obtained a pretrial ruling excluding evidence that he deserted from the Marine Corps, we held that by obtaining the pretrial ruling the defendant was relieved of the necessity of objecting when the evidence was offered. A new trial was ordered because of the prosecutor's prejudicial misconduct in offering the evidence in spite of the court's ruling.

In *State v. Morgan*, 192 Wash. 425, 73 P.2d 745 (1937), error was assigned to the denial of the appellant's motion to require the prosecutor to advise the court in advance as to any questions which he proposed to ask or testimony which he intended to offer, relating to the appellant's previous arrests which had not resulted in convictions. This court noted that the appellant's motion was very vague and indefinite and extremely general in its nature, and held that the trial court was not required to consider the questions raised by the appellant before an offer of proof had been made. Citing *State v. Smith, supra*, this court said that the consideration of such a motion was discretionary with the trial court.

In *Wilson v. Lund*, 74 Wn.2d 945, 447 P.2d 718 (1968), the trial court had entered an order prohibiting the appellant-mother in a wrongful death action from introducing psychiatric evidence of injury to the parent-child relationship and/or loss of companionship. We said that this order was premature, because it was made without calling for an offer of proof or its equivalent, and the determination of relevancy was made upon conjecture.

Both *State v. Morgan, supra*, and *Wilson v. Lund, supra*, support the trial court's denial of the motion in this instance. As in the first of these cases, the motion was vague, indefinite, and general in its nature. As in the second case, it asked the court to engage in conjecture regarding the relevancy of evidence which might later be offered.

Our most recent pronouncement upon the subject of pretrial motions to exclude evidence was made in *State v. Hill*, 83 Wn.2d 558, 520 P.2d 618 (1974), a criminal prosecu-

tion in which the trial court denied a defense motion to exclude evidence of prior convictions which had been reversed on appeal. This court found that, under the circumstances of that case, the threat of the introduction of such evidence discouraged the defendant from exercising his constitutional right to take the stand. Since the evidence was both inadmissible and prejudicial, we held that it was error to deny the motion.

As the appellant suggests, it appears that this case has overruled, *sub silentio*, our prior holdings that the entertaining of such a motion is discretionary with the trial court. However, we do not believe that *State v. Hill, supra*, alters the rule that the *granting* or *denying* of the motion rests within the trial court's discretion, subject to review for abuse of that discretion. While the established rule was not noticed in that case, the holding amounts to no more than a determination that the discretion of the trial court had been abused, the evidence being both inadmissible and prejudicial.

Taken together, these cases indicate that the trial court should grant such a motion if it describes the evidence which is sought to be excluded with sufficient specificity to enable the trial court to determine that it is clearly inadmissible under the issues as drawn or which may develop during the trial, and if the evidence is so prejudicial in its nature that the moving party should be spared the necessity of calling attention to it by objecting when it is offered during the trial. To enable the court to make such a determination prior to trial and "out of context" the moving party should provide a memorandum of authorities showing that the evidence is inadmissible. If the court does not have the benefit of legal arguments, it can hardly be said to have abused its discretion if it denies a motion asking it to rule on the admissibility of evidence before it knows what the issues and circumstances are. *See*, Note, *Pretrial Exclusionary Evidence Rulings*, 1967 Wis. L. Rev. 738; Comment, *Motions in Limine in Washington*, 9 Gonzaga L. Rev. 780 (1974).

■ Error is assigned to the admission of the same evidence which the pretrial motion sought to exclude. Again the evidence is described in a general way and we are not directed to those places in the statement of facts where it can be found. It is also conceded that for the most part, the evidence came in without objection. However, the appellant maintains that no objection was necessary, his preliminary motion being sufficient to preserve the error.

It will be recalled that when the court denied the motion to exclude evidence of the subcontractor's negligence, it advised the appellant to object as the evidence was offered, at which time the court said it would be in a proper position to rule upon its admissibility. Thus the appellant was made aware that the court was not willing to take the responsibility of deciding sua sponte whether offered evidence was within the scope of the motion to exclude.

Had the court granted the appellant's motion, under the rule of *State v. Smith*, 189 Wash. 422, 65 P.2d 1075 (1937), no objection would have been necessary to preserve the right to claim error if the evidence was nevertheless admitted. Also, if the court had improperly denied the motion, the appellant might have been relieved of the necessity of voicing his objections when the evidence was offered. But since neither of these circumstances is present, the appellant cannot be heard to say that, in spite of the fact that his motion to limit the evidence was properly denied, he was relieved of the burden of objecting to evidence which he believed to be inadmissible.

In any case, as we have heretofore determined, evidence of negligence of the subcontractor, proximately causing the accident, was admissible to prove the respondent's theory of the case.

It is contended that the appellant was entitled to a directed verdict, because the evidence conclusively showed that the respondent was in control of the reguying operation and selected and installed the bolts to which guy lines were attached, one of which broke when the cage fell. However, the evidence was not undisputed upon these

points. While there was no dispute that the respondent installed the bolt,[1] the respondent's evidence tended to show that the bolt which it installed was approved by the subcontractor and was adequate for the use intended. It also tended to establish that the respondent exercised no control over the subcontractor's activities in performing its contract, that none of its agents or employees participated in the reguying operation, and that the cage fell as a result of improper guying procedures—not from the breaking of the bolt. The resolution of the issues was therefore a question for the jury.

■ In ruling on a motion for a directed verdict, the court must view the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party. *Amsbury v. Cowles Publishing Co.*, 76 Wn.2d 733, 458 P.2d 882 (1969). A directed verdict can be granted only when there is no evidence or reasonable inference therefrom against the contention of the moving party. *Wick v. Irwin*, 66 Wn.2d 9, 400 P.2d 786 (1965).

None of the witnesses knew why the cage fell. Even the appellant and his coworker, Schlosser, the only two men working on the apparatus at the time of the accident, were unable to describe exactly what happened. From the physical facts which were described in testimony, shown by pictures and drawings, and demonstrated by models; from the testimony of the two workmen and their superintendent, who gave instructions for the reguying but did not remain at the site to direct the operation; and from the information supplied by experts for both parties, the jury was entitled to infer that the cage fell not because the anchor bolt was too weak for the purpose it was called upon to serve, but because the reguying procedure which was used exerted unnecessary and extraordinary stresses on the structure, causing it to lose its normal stability and

[1] Installation of the bolts in the concrete footings required carpentering skills which were not possessed by the subcontractor's employees. This work was done by the respondent's carpenters. The respondent also laid the concrete footings.

to topple over. The jury could find on the evidence that the reguying was entirely within the control of the subcontractor. Or, the jury could simply find that the appellant failed to prove his case against the respondent. The court properly refused to direct a verdict in favor of the appellant.

It is urged that the trial court erred in admitting the contract between the respondent and the subcontractor. No authority is cited showing that such a contract is inadmissible in a case where the terms of the contract are relevant to show whether the defendant had control of the activity or conditions which caused the plaintiff's injury. The court gave the appellant leave to object to specific portions of the contract if he chose to do so, but the appellant did not see fit to propose specific deletions. In fact, counsel for the appellant used provisions of the contract in his argument to the jury. He does not now point to any provisions which were prejudicial to his cause. We find no merit in this contention.

Objection is taken to the court's instructions defining the duties of contractors. It is not suggested that any of these instructions were erroneous, but rather that they were slanted in favor of the respondent's position and overemphasized that position. We do not find the instructions open to that criticism. While the jury was instructed that the subcontractor was an independent contractor and that one who engages an independent contractor is generally not liable to employees of the independent contractor for injuries resulting to them while engaged in work under the control of the independent contractor, the court further instructed that an exception to this rule arises where the general contractor intervenes and assumes control of the independent contractor's performance of his work or some part thereof, in which case the general contractor has a duty to provide the employees a safe place to work.

The court also instructed that the general contractor has a duty to keep premises under his control reasonably safe and to warn of dangers which are not obvious to the employee but are known to or discoverable by the contractor,

in the exercise of reasonable care. An instruction advised the jury that no liability arises to a general contractor from the mere fact that he was present, from time to time, during the progress of the work and took steps to see that the agreement was carried out. The jury was further instructed that if the respondent was negligent and its negligence was a proximate cause of the accident, it would not be a defense that some other cause or the act of some other person who was not a party to the lawsuit may also have been a proximate cause.

These instructions covered both the appellant's and the respondent's theories of the case. They are not repetitious and they do not purport to express the court's views upon the factual matters to be resolved by the jury. They reflect the applicable law. *Larson v. American Bridge Co.*, 40 Wash. 224, 82 P. 294 (1905); *Scheiber v. Grigsby*, 28 Wn.2d 322, 182 P.2d 745 (1947); *Fardig v. Reynolds*, 55 Wn.2d 540, 348 P.2d 661 (1960); *Epperly v. Seattle*, 65 Wn.2d 777, 399 P.2d 591 (1965). See *General contractor's liability for injuries to employees of other contractors on the project*, Annot., 20 A.L.R.2d 868 (1951), particularly section 15, and 13 Am. Jur. 2d *Building and Construction Contracts* §§ 135-36 (1964).

The appellant's second claim of negligence, it will be noted, was that the respondent installed an inadequate anchor bolt. No instruction was proposed defining the duties of an installer of appliances. However, the appellant proposed, and the court gave its instruction No. 13, as follows:

> A general contractor who furnishes an article of equipment such as an anchoring device to an independent contractor owes a duty to the employees of the independent contractor to exercise reasonable care to make the article of equipment safe for the use for which it is intended.

The evidence showed that employees of the respondent purchased the anchor bolt in question. Whether the subcontractor's superintendent or the respondent's structural superintendent selected the type of bolt was a disputed ques-

tion of fact in the case. It appears that the selection of the appliances for guying were the subcontractor's responsibility under the contract. For purposes of this discussion, we will assume the law to be that if the respondent's employee made the selection, it thereby assumed control over the operation to that extent.

■ After instruction No. 13 had been read to the jury, the respondent's counsel protested to the court that the jury might interpret this instruction to mean that the respondent was liable if the bolt was inadequate, even though it found that it purchased the bolt in accordance with the subcontractor's directions.

The court recognized that the instruction was open to this interpretation, which would be inappropriate under the circumstances of the case, and agreed to modify it by adding the words "and directs an independent contractor to use" after the word "furnishes." The court was not entirely satisfied with this revision and invited coursel for both parties to reopen the question the following morning for the purpose of arriving at a more satisfactory wording. However, neither party took advantage of this invitation. The appellant must be deemed to have waived any objection to the revision of the instruction.

In any event, we do not think the instruction, as applied to the facts of the case, was prejudicially erroneous. While the rule, as ordinarily stated, is that a general contractor who furnishes appliances or materials to a subcontractor is liable to an employee of the subcontractor if he fails to use reasonable care to assure that they are safe or free from defect, or to warn of dangers, it appears that in the cases where the general contractor has been held liable, he, rather than the subcontractor, was the person who selected the material or appliance furnished. We are cited to no case which holds that a general contractor who purchases appliances or materials pursuant to a subcontractor's instructions is liable for injuries caused by their inadequacy. *See* Annot., 20 A.L.R.2d 868 (1951), *supra,* sections 11, 17. T. Moll, *Independent Contractors and Employers' Liability*

§ 208 (1910). If the general contractor directs the use of an appliance, it can be inferred that he selected it. The instruction was not incompatible with the appellant's theory which was argued to the jury.

Finding no error in the conduct of the trial, we affirm the judgment entered on the verdict.

STAFFORD, C.J., HUNTER, HAMILTON, UTTER, BRACHTENBACH, and HOROWITZ, JJ., and HENRY and RUMMEL, JJ. Pro Tem., concur.