[No. 2149-2.    Division Two.    October 25, 1976.]

THE STATE OF WASHINGTON, *Appellant*, v. LOUIS WHITE III, *Respondent*.

John Merkel, *Prosecuting Attorney*, and *Richard B. Jones, Deputy*, for appellant.

*William Crawford*, for respondent (appointed counsel for appeal).

COCHRAN, J.*—The State appeals from the dismissal of its charge of possession of stolen credit and/or identification cards. (RCW 9.26A.030(1))

The defendant, his wife, and the victim, Ms. Johnston, were involved in a scuffle outside of a club in Bremerton. During the scuffle the victim lost her purse, which contained her identification cards. The purse was later found and returned essentially empty. That same evening defendant's wife was arrested for a different incident and he was arrested for interfering with the officer making that arrest. Once inside the booking cell, he was asked to remove the contents of his pockets. He emptied his pockets, including a handkerchief from his right rear pocket. An officer

---

*Judge John D. Cochran is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

searched him and found Ms. Johnston's identification cards in his right rear pocket. He showed no surprise at this, and claimed that he did not know how they got there. The next day he stated that his wife had given him the cards and that he put them in his pocket, thinking they belonged to her. At the conclusion of the State's case, the court dismissed the charge on the ground that there was insufficient evidence of the necessary element of scienter.

█ The courts have established certain legal principles to be used in answering the question raised by this appeal. They are:

A challenge to the sufficiency of the evidence or a motion having that effect admits the truth of the evidence of the party against whom the challenge or motion is made and all inferences that reasonably can be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger or movant party and in the light most favorable to the opposing party.

State v. McDaniels, 30 Wn.2d 76, 88, 190 P.2d 705 (1948); State v. Lutes, 38 Wn.2d 475, 230 P.2d 786 (1951); State v. Reynolds, 51 Wn.2d 830, 322 P.2d 356 (1958); State v. Holbrook, 66 Wn.2d 278, 401 P.2d 971 (1965); State v. Denney, 69 Wn.2d 436, 418 P.2d 468 (1966); State v. Zorich, 72 Wn.2d 31, 431 P.2d 584 (1967).

If substantial evidence from a competent source has been presented to prove the existence of each element of the offense and the accused's commission of it, then the court is without discretion to take the case from the jury.

State v. Basford, 76 Wn.2d 522, 530, 457 P.2d 1010 (1969); State v. Lewis, 55 Wn.2d 665, 349 P.2d 438 (1960).

A trial court may not *weigh the evidence* to determine whether the necessary quantum has been produced to establish *some proof* of an element of the crime. It may only test or examine the *sufficiency* thereof. . . . The jury is the sole and exclusive judge of the weight of evidence, and of the credibility of witnesses. . . .
. . .
. . . it is unnecessary for the court to be satisfied of the defendant's guilt beyond a reasonable doubt. It is

only necessary for it to be satisfied that there is "substantial evidence" to support either the state's case, or the particular element in question. When that quantum of evidence has been presented, there is *some proof* of the element or crime in question and the motion in arrest of judgment must be denied.

*State v. Randecker*, 79 Wn.2d 512, 517, 518, 487 P.2d 1295 (1971).

Whether the evidence is sufficient to submit the issue to the jury is a question of law for the court, and no element of discretion is involved. Where there is any evidence, *however slight*, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury.

(Citations omitted. Italics ours.) *State v. Reynolds, supra* at 834; *State v. Walker*, 7 Wn. App. 878, 503 P.2d 128 (1972); *State v. White*, 74 Wn.2d 386, 444 P.2d 661 (1968).

We are satisfied that the evidence and the inferences therefrom are legally sufficient to permit the jury to logically and reasonably deduce knowledge or scienter on the part of the defendant.

Judgment reversed.

REED, A.C.J., and RUMMEL, J. Pro Tem., concur.