[No. 2356–2.   Division Two.   February 25, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL ROBERT BLUM, *Appellant*.

*John A. Miller* and *Burkey, Marsico, Rovai, McGoffin, Turner & Mason,* for appellant.

*Donald Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

REED, J.—Paul Robert Blum appeals his Pierce County Superior Court convictions for second–degree rape and sodomy. Four assignments of error have been made: (1) that the verdict of the jury was contrary to the evidence presented and that a new trial should therefore have been granted; (2) that a mistrial should have been granted because of alleged spectator misconduct; (3) that RCW 9.79.150, and the manner in which it was applied, effectively prevented him from proving his defense of consent, thus denying him procedural due process; (4) that the trial court committed error in limiting the scope of his cross–examination of the prosecutrix. We affirm the convictions for the reasons set forth below.

On the evening of December 26, 1975, defendant Paul Robert Blum, his cousin, Gary Jones, and a friend went to the Firwood Tavern in Milton, Washington, where they met the prosecutrix and two of her friends. Jones had previously known the prosecutrix, having lived with her for some 3 to 4 months as her boyfriend. That living arrangement had been broken off approximately 3 months earlier. The prosecutrix and the defendant had not known each other prior to this occasion. When the tavern closed, at about 2 a.m. on the morning of December 27, defendant, his cousin, and their friend requested a ride from the prosecutrix and her friends. Some beer was bought, and all six people went to the apartment of the prosecutrix. At some time after her two friends had gone home, Jones borrowed her car so he could give his friend a ride home. Defendant stayed at the apartment with the prosecutrix to await Jones' return with

the car. Jones, however, failed to return promptly with the car, and during the interim between 4 to 7:30 a.m., the prosecutrix alleged she was repeatedly raped and forced to commit sodomy with defendant against her will. He defended on the grounds that the acts took place with her full consent and participation.

Prior to trial, the defendant requested a hearing, pursuant to RCW 9.79.150, in an attempt to bolster his contention of consent through a showing of the prosecutrix's previous sexual relationship with Jones while they had been living together. The hearing judge ruled that such evidence was inadmissible under the statute based upon defendant's offer of proof, but declined to rule that such testimony could not be elicited during the cross–examination of the prosecutrix because the scope of her direct examination could not be determined until it had actually taken place. When evidence of her relationship with Jones was sought to be introduced on cross–examination, the trial judge ruled that it was inadmissible.

Before trial, the trial judge ruled that all witnesses were to be excused from the courtroom in order that their testimony might be untainted by that of earlier witnesses. The prosecutrix was specifically excluded from this order. During the course of the trial, it became apparent that one of the spectators was leaving the courtroom and was talking with the prosecutrix at intervals which seemed to coincide with the examinations of various witnesses. This was brought to the attention of the trial judge, who placed the spectator on the stand, under oath, and questioned her as to her activity during the trial. Both attorneys were also afforded the opportunity to question her. Upon the request of defendant's counsel, a witness who had previously testified was also returned to the stand and questioned regarding his testimony, any possible changes in his recollection of the events he had previously testified to, and any contact which he might have had with the roving spectator. On the basis of these proceedings, which took place out of the presence of the jury, the trial judge determined that the

defendant had not been prejudiced by the activity, and admonished the spectator with warnings of possible contempt proceedings for further activity of that nature.

Blum first contends there was no substantial evidence which could support the verdict. This overlooks the fact that testimony was given to the effect that the prosecutrix had been yanked or dragged off the bed, that her clothes had been forcefully removed, that she had been penetrated repeatedly, that she had been threatened with death in a number of ways, that she had suffered scratches and bruises on her body, that furniture had been overturned and damaged as a result of her struggles, and that she had appeared to be near hysteria when she was finally able to contact her neighbors for help. Clearly, there was substantial evidence upon which the jury's verdict could have been based, and the jury obviously believed her version of the testimony rather than that offered by defendant. As it is the jury's function to be the sole and exclusive judge of the weight of evidence, and of the credibility of witnesses, the trial court did not err in denying defendant's motion. *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971); *State v. White,* 16 Wn. App. 315, 556 P.2d 255 (1976).

Blum next contends he was substantially prejudiced by the described misconduct of the courtroom spectator. We find no merit in this contention. The record indicates that the spectator's conversation was conducted principally with the prosecutrix. The order excluding witnesses specifically exempted the prosecutrix, so that she could have been present in court at all times relevant to the presentation of testimony. Even if the spectator had relayed information to her, it would not have worked to prejudice the defendant. Moreover, the spectator also testified that any information she might have given the prosecutrix was of a general nature, absent any detail. The other witness who had been talking with the spectator was a deputy sheriff and a former neighbor of the spectator. He testified that his testimony had not been altered in any way by his conversation

with the spectator. This problem arose when one of the attorneys for the defendant discussed this officer's testimony with him, apparently in front of the spectator and the prosecutrix. The prosecutrix waited until the attorney had left before correcting the deputy on a small detail which he had forgotten. The deputy then immediately sought out the attorney to advise him of the previously forgotten detail. His subsequent testimony before the court included the item. The trial judge was satisfied that this testimony was true, and was the best recollection of the witness. In any event, the spectator had nothing to do with the officer's testimony.

The rule in Washington is that the trial court has discretion to take whatever remedial action is necessary to neutralize the effect of irregularities at trial. *State v. Swenson*, 62 Wn.2d 259, 382 P.2d 614 (1963). We are satisfied that the trial judge's action in this case was sufficient to ferret out and neutralize any prejudice. Both attorneys were given the opportunity to question those involved, and it appeared to the trial judge, as it appears to us, that there was no intentional misconduct, that there was no change in the testimony of witnesses as a result of the spectator activity, and that no actual prejudice occurred. The trial judge properly exercised his discretion in denying a mistrial.

Defendant next contends that he was denied procedural due process, guaranteed by the United States and Washington Constitutions, by the manner in which RCW 9.79.150 was applied.[1] His argument seems to be based upon the fact that a pretrial hearing was held for the purpose of determining the admissibility of the proof offered by him regarding the previous sexual activity of the prosecutrix.

---

[1]RCW 9.79.150, enacted on April 28, 1975, as ch. 14, Laws of 1975, 1st Ex. Sess., effective September 8, 1975, provides in part as follows:

"(2) Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on

▇ As defendant states it, he was deprived of "notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case". *In re Petrie,* 40 Wn.2d 809, 812, 246 P.2d 465 (1952). We disagree. Our Supreme Court has repeatedly countenanced pretrial determinations respecting the admission or exclusion of evidence even in cases where no statute or rule specifically authorizes such a procedure. *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85,

the issue of credibility and is inadmissible to prove the victim's consent except as provided in subsection (3) of this section, but when the perpetrator and the victim have engaged in sexual intercourse with each other in the past, and when the past behavior is material to the issue of consent, evidence concerning the past behavior between the perpetrator and the victim may be admissible on the issue of consent to the offense.

"(3) In any prosecution for the crime of rape or for an attempt to commit, or an assault with an intent to commit any such crime evidence of the victim's past sexual behavior including but not limited to the victim's marital behavior, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is not admissible if offered to attack the credibility of the victim and is admissible on the issue of consent only pursuant to the following procedure:

"(a) A written pretrial motion shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the relevancy of evidence of the past sexual behavior of the victim proposed to be presented and its relevancy on the issue of the consent of the victim.

"(b) The written motion shall be accompanied by an affidavit or affidavits in which the offer of proof shall be stated.

"(c) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and the hearing shall be closed except to the necessary witnesses, the defendant, counsel, and those who have a direct interest in the case or in the work of the court.

"(d) At the conclusion of the hearing, if the court finds that the evidence proposed to be offered by the defendant regarding the past sexual behavior of the victim is relevant to the issue of the victim's consent; is not inadmissible because its probative value is substantially outweighed by the probability that its admission will create a substantial danger of undue prejudice; and that its exclusion would result in denial of substantial justice to the defendant; the court shall make an order stating what evidence may be introduced by the defendant, which order may include the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court.

"(4) Nothing in this section shall be construed to prohibit cross–examination of the victim on the issue of past sexual behavior when the prosecution presents evidence in its case in chief tending to prove the nature of the victim's past sexual behavior, but the court may require a hearing pursuant to subsection (3) of this section concerning such evidence."

549 P.2d 483 (1976); *State v. Hill,* 83 Wn.2d 558, 520 P.2d 618 (1974); *Wilson v. Lund,* 74 Wn.2d 945, 447 P.2d 718 (1968); *State v. Morgan,* 192 Wash. 425, 73 P.2d 745 (1937); *State v. Smith,* 189 Wash. 422, 65 P.2d 1075 (1937). Our present criminal rules either contemplate or require that certain evidentiary rulings be made in advance of trial. *See, for example,* CrR 3.5 and 4.5.

The problems inherent in delaying certain evidentiary rulings until trial and the salutary use to which pretrial motions in limine may be put, without prejudice to the parties, are explored by Milton J. Carter, Jr., *Motions In Limine in Washington,* 9 Gonzaga L. Rev. 780 (1974). In that article at page 787, the author states:

> The motion *in limine* is appropriate in at least three instances of evidence admissibility determinations. It may be used when evidence should be excluded because its admissibility is prohibited by technical exclusionary evidence rules or statute, when previous case law has adjudged the evidence too prejudicial, or when counsel can convince the trial court that the probative value of the evidence is out–weighed by its prejudicial effect.

(Footnote omitted.)

RCW 9.79.150 is an example of a legislative determination that evidence of past sexual conduct may be excluded in certain types of prosecutions. Although the statute requires a pretrial *motion,* it does not specify when a *hearing* on admissibility is to be held; but neither does it prohibit its being held prior to actual trial. We think it fair to conclude the legislature meant to leave the matter to the sound discretion of the trial court on a case by case basis, as our Supreme Court has done in the past. In making that determination and in ruling on the merits of the motion to admit or exclude evidence, the considerations are the same as those involved in ruling on the usual motion in limine. *Fenimore v. Donald M. Drake Constr. Co., supra; State v. Hill, supra; Wilson v. Lund, supra; State v. Morgan, supra; State v. Smith, supra.* A major consideration is that the trial judge is being called upon to rule "out of context" and

without the benefit of the additional evidence which may develop during trial. *Fenimore v. Donald M. Drake Constr. Co., supra.*

In the instant case we find no abuse of discretion, either in holding the hearing in advance of trial or in ruling the proffered evidence inadmissible. Defendant asked for and did not object to this procedure. The testimony at the hearing was essentially the same as that contained in the offer of proof affidavit. Defendant made no further offers of additional evidence at the time of trial. Consequently, defendant has shown absolutely no prejudice and neither the statute itself nor the manner of its application in the instant case work to deprive him of due process.

This does not conclude the issue, however, as defendant also asserts that he was denied due process when his offer of proof was rejected at the pretrial hearing. We will discuss this contention together with his fourth assignment of error, as they both go to the question of the admissibility of prior acts of sexual conduct when offered to show consent.

RCW 9.79.150 is a legislative determination of the admissibility of evidence of a rape victim's past sexual behavior. Evidence of the victim's past sexual behavior is inadmissible on the issue of credibility. In situations other than where the victim and the accused have engaged in sexual intercourse in the past, evidence of past sexual behavior is inadmissible to show consent except as provided in subsection (3) of the statute. Following the hearing procedure therein provided, the court shall make an order stating what evidence may be introduced by the defendant regarding past sexual conduct. The statute creates no bar to the cross–examination of the victim on the issue of past sexual behavior when the prosecution has first presented evidence in its case in chief tending to prove the nature of the past sexual behavior; however, the court may require a hearing on this evidence as well. RCW 9.79.150(4).

In *State v. Geer*, 13 Wn. App. 71, 533 P.2d 389 (1975), we held that specific acts of sexual misconduct on the part of

the prosecutrix are inadmissible in rape cases, as such evidence has virtually no relationship to either the ability of the prosecuting witness to tell the truth under oath or her alleged consent to the intercourse. We also recognized that there might be situations when exceptions to the rule should be allowed, in which evidence of specific acts of misconduct might be so highly relevant and material that it should be admitted. Regarding use of the victim's general reputation for chastity, we found that such evidence has little relevance to the issue of consent, and that while the cases are not entirely consistent on the use of reputation for chastity to impeach the victim's credibility, there are better and less prejudicial means of impeaching credibility. The statute (RCW 9.79.150) has erased any distinction between a victim's general reputation for chastity and any specific acts of past sexual misconduct. It also prohibits absolutely the use of evidence of past sexual conduct for the purpose of impeaching credibility. But on the question of the victim's consent, the statute has not changed the fact that admissibility of evidence of prior sexual behavior is determined by the trial judge upon consideration of factors of relevance, prejudice, and substantial justice.

In the case at bench, both the hearing judge and the trial judge determined that evidence of the prosecutrix's sexual affair with Jones was not relevant to the issue of consent, would tend to prejudice the jury, and that excluding the evidence would not result in substantial injustice to the defendant. Blum argues that the prosecutrix's past relationship with his cousin could be used to show that she harbored an animosity toward his cousin and members of his cousin's family, including Blum himself. Blum was in fact permitted to adduce testimony in an attempt to show the existence of animosity or hostility. The evidence failed to establish even an inference of animosity or possible motive, and the court was correct in excluding any more of the prejudicial testimony regarding the prosecutrix's past relationship with Jones.

In our view there was no abuse of discretion by either judge in excluding the proffered evidence.

There was no error and the judgments on both counts are affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied April 6, 1977.

Review denied by Supreme Court October 12, 1977.