[No. 17916. Department Two. July 13, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. JULIUS MARIANA, *Appellant.*[1]

WITNESSES (104)—CROSS-EXAMINATION—CREDIBILITY—CONVICTION OF CRIME. Under Rem. Comp. Stat., § 2290, it is proper, in a liquor prosecution, on cross-examination of the accused regarding a prior conviction, to bring out the bare fact of a prior conviction of a felony under the prohibition statutes.

NEW TRIAL (51)—PROCEEDINGS—AFFIDAVITS AS TO NEWLY DISCOVERED EVIDENCE—SUFFICIENCY. An application for a new trial for newly discovered evidence is insufficient where the affidavits only state the conclusion of affiant that it was "material to the defense," without showing what the evidence would be.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered November 28, 1922, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Frank S. Carroll,* for appellant.

*J. W. Selden* and *J. A. Sorley,* for respondent.

[1]Reported in 217 Pac. 4.

TOLMAN, J.—Appellant was tried and convicted upon a charge of having intoxicating liquor in his possession. Appealing, he urges chiefly that the evidence was insufficient. A reading of the record discloses that there was ample evidence to justify the verdict.

It is also contended that the trial court erred in permitting the prosecuting attorney, on cross-examination, to question appellant regarding a prior conviction. The examination went no further than to bring out the bare fact of a prior conviction on a felony charge under the prohibition statute. This was clearly proper and within the statute. Rem. Com. Stat., § 2290 [P. C. § 8725].

Finally, it is asserted that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. The showing was made by the affidavits of several persons, who set forth that they were present at the time appellant was arrested on this charge, but not informed as to the date of his trial; that appellant did not know of their whereabouts at the time of the trial, or could not reach them, and that, had they been present at the trial, they would have given testimony which they say would have been material to appellant's defense. Clearly this showing was insufficient, for a number of obvious reasons: one all-sufficient one being that, the statement in each affidavit to the effect that the affiant, if present, would have given testimony material to appellant's defense, presents no fact for the consideration of the court, and courts may not act on the mere conclusion or assertion of a would-be witness that his testimony is material.

The judgment is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.