[No. 19578. Department Two. January 21, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. ADAM
HEIMBIGNER, *Appellant*.[1]

[1] OBSTRUCTING JUSTICE (3)—INDICTMENT OR INFORMATION. An information for obstructing justice, alleging a gross misdemeanor, in the language of Rem. Comp. Stat., § 2331, cannot be construed to alleged a misdemeanor, under Id., § 2366, covering cases or circumstances "not otherwise specially provided for."

[2] SAME (5)—EVIDENCE—WEIGHT AND SUFFICIENCY. A conviction of obstructing justice by force and violence is sustained by evidence that accused and his family, in resisting a search for intoxicating liquors, locked doors on the officers and, in attempting to prevent a seizure of the articles, engaged in a fight in which pistol shots were fired and persons were bruised.

[3] WITNESSES (106)—CROSS-EXAMINATION—IMPEACHMENT — FORMER CONVICTION OF CRIME. Rem. Comp. Stat., § 2990, authorizes the cross-examination of the defendant as to prior conviction of crime for the purpose of affecting his credibility.

[4] CRIMINAL LAW (107)—EVIDENCE—OTHER OFFENSES. In a prosecution for forcibly obstructing officers in making a search for intoxicating liquors, it is prejudicial error to admit evidence that the officers made seizures, under their search warrant, of intoxicating liquor found in accused's possession.

Appeal from a judgment of the superior court for Adams county, Griffiths, J., entered March 9, 1925, upon trial and conviction of obstructing an officer. Reversed.

*Francis A. Garrecht* and *Edward A. Davis*, for appellant.

*Richard B. Ott* and *E. A. Connelly*, for respondent.

MITCHELL, J.—This criminal action was commenced before a justice of the peace in Adams county, the body of the complaint being as follows:

"Adam Heimbigner then and there being did then and there wilfully and unlawfully, and by means of

[1]Reported in 242 Pac. 654.

threats, force and violence, attempt to deter and prevent O. S. Buehler and Melvin Oestreich from performing a duty imposed upon them by law; said O. S. Buehler and Melvin Oestreich being then and there duly appointed, qualified and acting deputy sheriffs of Adams county, Washington, and acting then and there under and by virtue of a legal process, issued out of the justice court of Ritzville precinct, Adams county, Washington, to-wit: a search warrant for the search of the premises of Adam Heimbigner."

The defendant was found guilty and appealed to the superior court, where he was found guilty by a jury, and has appealed from a judgment and sentence on the verdict.

The first thirteen assignments of error have to do, one way or another, with the question of whether the prosecution was under § 2331, Rem. Comp. Stat., which provides:

"Every person who, by means of any threat, force or violence, shall attempt to deter or prevent any executive or administrative officer from performing any duty imposed upon him by law, or who shall knowingly resist by force or violence any executive or administrative officer in the performance of his duty, shall be guilty of a gross misdemeanor."

Or under § 2366, Rem. Comp. Stat., which provides:

"Every person who, in any case or under any circumstances not otherwise specially provided for, shall willfully resist, delay or obstruct a public officer in discharging or attempting to discharge any legal duty of his office, shall be guilty of a misdemeanor."

[1]  It is difficult to see how there could have been any question about the matter, or why counsel should have persistently suggested or expressed any possible confusion or lack of understanding. The plain wording of the complaint is in the language of § 2331 and, being so worded, was clear and definite. The prosecution

never contended otherwise, the trial court so under-
stood it and instructed the jury that way.

[2]    Counsel for appellant argue that, assuming such
to be the case, no evidence was introduced tending to
show that the appellant used any threat, force or vio-
lence in an attempt to deter or prevent any of the
officers from performing their official duty.   But we
cannot agree to that contention.   The sheriff and four
deputies, provided with a proper search warrant for
that purpose, went to the premises or home of the
appellant to search for intoxicating liquor.   Upon ar-
riving there about midnight, they found a large number
of persons at the place.   Upon reading the search war-
rant to the appellant and giving him a copy of it,
strife immediately commenced.   The appellant and
members of his family, in order to prevent the search
of rooms upstairs, forcibly attempted to keep the
officers from going there.   One or more of the officers
overcame the resistance and, at the head of the stair-
way, broke down a door locked in their faces and found
parties in the room engaged in throwing jugs and
bottles through the windows.   In a moment of time,
the officers who were attempting to seize the liquor
became engaged in a fight with the appellant and others
who were trying to prevent a seizure of the articles.
Pistol shots were fired and persons were bruised and
beaten, during which the appellant was not free from
active force against the officers until one of them cov-
ered him with a gun.

[3]    Other assignments of error question the right
of the prosecution, on cross-examination of the defend-
ant, to ask him as to his prior conviction of crime.   The
right, purpose and extent of such an inquiry are pro-
vided for by § 2290, Rem. Comp. Stat., and discussed
in *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *State*

*v. Cole,* 118 Wash. 511, 203 Pac. 942; *State v. Nichols,* 121 Wash. 406, 209 Pac. 689; *State v. Mariana,* 125 Wash. 531, 217 Pac. 4; *State v. Serfling,* 131 Wash. 605, 230 Pac. 847.

[4] Over the objections of appellant, the state was allowed to show that one of the deputy sheriffs, provided with an empty bottle and a rag "he carried for that purpose," mopped up liquor from the floor upstairs and partially filled the bottle he carried; that another of the deputies picked up a jug of liquor thrown out of the window; that both containers were sealed by the officers, one of whom took both to the city chemist of Spokane for analysis; that the city chemist made analysis, sealed the containers, and testified before the jury of the analysis made by him to the effect that both contained moonshine whiskey. The jug and the bottle with their contents were allowed to be introduced in evidence as exhibits on behalf of the state. Still further, the prosecution was allowed, over appellant's objection, to introduce the affidavit on which the search-warrant was issued, and also to introduce the search-warrant the officers had used, showing upon it a return made by the sheriff of the seizure "of a jug and a bottle each partly filled with moonshine whiskey." If for any reason the search-warrant was admissible to show that the officers were engaged in the performance of a duty imposed by law, of which the appellant does not seriously complain, the return on it, made by the sheriff, should not have been referred to, and should have been covered up so the jury could not have examined it.

Why this evidence, just enumerated, was allowed to go to the jury we cannot conceive. Whether the officers seized anything or not, and, if so, whether it was intoxicating liquor or not, were wholly imma-

terial in proof of the crime for which appellant was being tried. The gist of the offense charged upon him in no way depended upon the success of the official venture, but only that the defendant, by means of threat, force or violence, attempted to deter or prevent the officers from performing their official duty. It is needless to say more than that all this testimony must be considered as highly prejudicial and its admission reversible error.

There are a great many other assignments of error which, upon due consideration, we think it would be profitless to discuss, because the things complained of possibly cannot or manifestly will not occur in another trial.

For the errors pointed out, the judgment is reversed and the cause remanded with directions to the superior court to grant a new trial.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.