[No. 25105. Department One. June 12, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE CHACKY, *Appellant*.[1]

[1]Reported in 33 P. (2d) 111.

*P. L. Pendleton,* for appellant.

*Bertil E. Johnson* and *Byron D. Scott,* for respondent.

MITCHELL, J.—Joe Chacky was prosecuted and convicted of an attempt to commit the crime of burglary in the second degree. The information conforms to Rem. Rev. Stat., § 2264, defining an attempt to commit a crime, and Rem. Rev. Stat., § 2579, defining the crime of second degree burglary. The defendant has appealed.

The first assignment is that the court erred in denying appellant's motion for a directed verdict. At the close of the state's case, the evidence strongly tended to show, as follows: The building attempted to be burglarized was the Piggly Wiggly store in Tacoma, in which goods were kept for sale, and that the attempt to break into and enter through the front door occurred about midnight; the door was fastened with a stock lock, and also with a padlock on the outside of the door; a merchant police and a companion saw two men drive up and stop their automobile near the store, get out and make some examination of the front of the store, including the door; one of them, identified as the appellant, went to his automobile, got a crowbar and pried the padlock off the door of the building; just at that time, the police and his companion moved toward the building, whereupon the appellant and his companion fled in different directions; the appellant was overtaken and arrested by the police, who picked up the broken lock and the crowbar; the officer found, on the floor of appellant's automobile, another crowbar similar to the one used to break the lock on the door, and also a claw hammer.

This evidence was enough to take the case to the jury on the questions of criminal intent and overt act

—the two elements necessary in such a case under the rule announced in *State v. Awde,* 154 Wash. 463, 282 Pac. 908.

The identification of the appellant at the trial, being believed, was entirely sufficient.

█ The next assignment is on appellant's objection to admitting in evidence the crowbar and hammer taken from appellant's car. They were implements of the same general character as the one actually used to destroy the padlock, and were found under circumstances that justified admitting them in evidence as bearing upon the question of appellant's intent in committing the overt act of breaking the padlock with the other crowbar.

Denial of appellant's motion in arrest of judgment is assigned as error. The assignment is submitted by appellant on his argument upon his motion for a directed verdict. This one, in arrest of judgment, was properly denied.

█ Lastly, it is claimed error was committed in the latitude allowed the state in the cross-examination of the appellant with respect to former convictions and punishments for crimes. He became a witness in his own behalf, and, as we read the cross-examination, it was well within the rule fixed by Rem. Rev. Stat., § 2290, and our decisions upon that subject, as affecting the weight of his testimony. *State v. Blaine,* 64 Wash. 122, 116 Pac. 660; *State v. Heimbigner,* 137 Wash. 409, 242 Pac. 654; *State v. Evans,* 145 Wash. 4, 258 Pac. 845; *State v. Steele,* 150 Wash. 466, 273 Pac. 742; *State v. Brames,* 154 Wash. 304, 282 Pac. 48.

The jury was instructed correctly in regard to the limitations and purposes of such cross-examination, to which instruction no exception was taken.

Judgment affirmed.

BLAKE, MAIN, MILLARD, and STEINERT, JJ., concur.