## UNITED STATES v. DOORES et al.

### No. C–7702.

District Court, E. D. Washington, N. D.

Jan. 13, 1945.

Edward M. Connelly, U. S. Atty., of Spokane, Wash., for plaintiff.

Harold M. Gleeson and Robertson & Smith, all of Spokane, Wash., for defendant.

SCHWELLENBACH, District Judge.

The defendant Clayton was charged jointly with the defendants Shirley Doores and Edward Kelly with conspiracy to extort by the technique of the impersonation of a Federal Narcotics Officer. Defendants Doores and Kelly pleaded guilty prior to trial but were not sentenced at the time of trial. Kelly testified at length for the Government. Doores was called by the Government and was asked only one question. The trial resulted in a verdict of guilty as to Clayton. He moved for a new trial on several grounds, the disposition of only one of which remains to be made. He contends that the Court erred prejudicially by permitting the United States Attorney to comment on the defendant's failure to call Shirley Doores to testify generally concerning the conspiracy charge.

 The testimony showed that Clayton and Shirley Doores had lived together for about five years and were living together at the time of the trial. Miss Doores was on bail during the trial. Their relationship was politely referred to during the trial as that of commonlaw husband and wife although the State of Washington recognizes no such relationship. Shirley Doores was admittedly a drug addict. The Government's contention was that early in 1944 she had acquired a large quantity of drugs from a Dr. Teed, of Coeur d'Alene, Idaho, and that after Teed refused further drugs she and Kelly and Clayton conspired together to have Kelly impersonate a Federal officer and threaten Teed and that, as a result of such threats, Shirley Doores extorted some fourteen thousand dollars ($14,000) out of Teed, part of which was turned over to

492

Clayton. Testimony in support of this contention was submitted by the Government through Kelly and Shirley Doores' brother "Bunny." Clayton took the stand in his own defense and categorically denied any knowledge of the conspiracy. In final argument, the United States Attorney commented on defendant's failure to call Shirley Doores and stated that Shirley, who had pleaded guilty, "would not lie for anyone." Timely objections were made. I did not instruct the jury to disregard the remark.

There was nothing inflammatory about the remark or the manner of its utterance which would bring it within the rule recently enunciated in Viereck v. United States, 318 U.S. 236, 63 S.Ct. 561, 87 L.Ed. 734. According to the standard laid down in Tatum v. United States, 9 Cir., 146 F.2d 406, defendant cannot complain of the language used. The question involved is whether the argument injected an unfair inference in view of the situation existing concerning Shirley Doores at the time.

■ The rule is that if the party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable. Graves v. United States, 150 U.S. 118, 121, 14 S.Ct. 40, 37 L.Ed. 1021; United States v. Cotter, 2 Cir., 60 F.2d 689, 691, certiorari denied 287 U.S. 666, 53 S.Ct. 291, 77 L.Ed. 575; Milton v. United States, 71 App.D.C. 394, 110 F.2d 556, 559. There can be no question that Shirley Doores was not only accessible to the defendant as a witness, but was peculiarly available to him as a witness against the Government. She was living with him. She had lived with him for five years. Her counsel, who represented her in these proceedings, was co-counsel for the defendant Clayton. At the time that Doores was called as a witness for the Government, this counsel stated, in the absence of the jury, that it had not yet been determined whether Shirley Doores would be called by the defendant. Under those circumstances, the Government would not have dared to have called her as a witness as to the issues generally. This was clearly a case of peculiar availability so far as the defendant was concerned.

The difficulty in this case arises out of the decision of the 9th Circuit Court of Appeals in Moyer v. United States, 9 Cir., 78 F.2d 624, 630. In that case, the Court instructed the jury concerning the presumption arising out of the failure to call available witnesses. The witness referred to there was not peculiarly available to the defendant. In fact, the defendant testified he was only slightly acquainted with him. However, the case was reversed on the basis of the instruction. The court, through Judge Norcross, used the following language: "The rule we think should not be applied in the case of one who * * * is a codefendant, and has entered a plea of guilty, and as to whom sentence has not been imposed."

■ Had the Circuit Court of Appeals stopped there, I would feel compelled to grant a new trial here. I assume that my failure to instruct the jury to disregard the argument concerning the inference is tantamount to an affirmative instruction explaining the inference. Graves v. United States, supra. However, the Circuit Court of Appeals went on to say: "Of one in that position the Supreme Court in Alford v. United States, supra, [282 U.S. 687, 51 S. Ct. 218, 75 L.Ed. 624] said: 'Nor is it material, as the (Circuit) Court of Appeals * * * said, whether the witness was in custody because of his participation in the transactions for which petitioner was indicted. Even if the witness were charged with some other offense by the prosecuting authorities, petitioner was entitled to show by cross examination that his testimony was affected by fear or favor growing out of his detention. * * *'" Thus, the Court, in the Moyer case, demonstrated that its reason for excluding the rule in the case of unsentenced codefendants was its belief that the testimony of such unsentenced codefendants might be affected by fear or favor growing out of the detention. No such reason can exist in this Court. On assuming my position of judge of this Court a little over four years ago, I announced a policy which invariably has been followed—that is, that the United States attorney has nothing to do with the sentences imposed by the Court. I do not seek the advice of the United States attorney as to the sentence. I do not permit him to give advice either publicly or privately. Defendant Clayton was represented by two very capable and experienced lawyers, each of whom has represented defendants in this Court many times in the last four years. They were entirely familiar with the rule. They and the defendant and Shirley Doores knew that she had

nothing to fear and she could expect no favors as a result of her testimony had she taken the stand. Since the reason which actuated the Circuit Court of Appeals to lay down the rule is non-existent here, I do not feel constrained to follow it.

Furthermore, in an additional paragraph in the Moyer decision, the Court specifically points out that the witness to whom reference was made was equally accessible to both the prosecution and the defendant and that, therefore, no unfavorable inference could be drawn by reason of the failure to call such witness. That situation does not exist in this case.

The motion for new trial will be denied.