[No. 38484.    Department One.    September 29, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. DELBERT ELWOOD DENNEY, *Appellant.*\*

\*Reported in 418 P.2d 468.

*Douglas A. Wilson,* for appellant.

*Lincoln E. Shropshire, Wiley G. Hurst,* and *Walter B. Dauber,* for respondent.

LANGENBACH, J.†—The defendant was convicted of the crime of an attempt to obtain a narcotic drug by fraud, deceit, misrepresentation or subterfuge. He has appealed. Another man was likewise charged with the same offense. He pleaded guilty and testified for the state. The defendant did not testify. The appeal was perfected upon a short record.

There was sufficient evidence to establish the following facts to the satisfaction of the jury which found him guilty. The codefendant testified he had known appellant for years. Prior to the time in question, he had procured narcotics from a drugstore in a like manner. He had telephoned the drugstore pretending to be a certain doctor and had received a prescription to get the desired drug. He had gone to the drugstore and obtained the narcotic. He had so informed appellant, who became interested in procuring narcotics.

The accomplice agreed that he would attempt to get a further prescription for drugs in this same manner and would notify the appellant if successful. This was done and appellant was so informed. He was to go with the accomplice to the drugstore, where he would enter and ask for the prescription for the drug as "brother-in-law of Dick Reynolds." This was the name the accomplice said he had used in ordering the false prescription.

They proceeded to the drugstore; appellant entered alone and made the necessary inquiry using this assumed name for identification purposes. The druggist refused to deliver the drug. The appellant left immediately and reported what had happened to the codefendant, who thereafter telephoned the drugstore about the matter. He was informed that the

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

druggist had telephoned the doctor who stated he had not made such a request of them for such a prescription.

The two clerks who were in the drugstore at that time, as witnesses, stated the appellant resembled the person who had been in their store and had made the request for the execution of this prescription for the drug as such brother-in-law of Dick Reynolds.

There was testimony that the drug sought was a narcotic and could be dispensed only upon the written prescription of a doctor.

Appellant's main contention was that neither he nor his codefendant knew the drug sought was a Class A narcotic and banned under the narcotic statute. The accomplice knew that he had received another narcotic in this same manner a short time before. Both knew that some kind of a narcotic was being sought at the time and manner in question. Both knew it was sought under an assumed name and in a surreptitious method. When the drug was refused, appellant left the store at once and reported his failure to his codefendant. This would indicate scienter on his part.

The first assignment of error was that there was no evidence or inference from evidence to establish the fact that appellant, in attempting to get the prescription, knew that it was for a narcotic drug banned by the Narcotic Drug Act, RCW 69.33. The evidence showed that appellant sought the prescription under an assumed name and when it was refused he immediately left the store. Had this been an innocent venture, certainly more would have been done to secure possession of the prescription and its content. The evidence further showed that these two men had discussed narcotics and their acquisition; they had considered this plan of procedure and had planned to carry it out jointly. Thus, they were *participi criminis* in this undertaking.

█ In support of this assignment, appellant cited *State v. Christensen*, 55 Wn.2d 490, 348 P.2d 408 (1960): "The rule is clear in this state that for a defendant to be convicted of an attempt to commit a crime, two essential elements must be established, (1) criminal intent, and (2) some form of overt act. [Citing cases.]" That opinion, at 491, quoted

*State v. Leach,* 36 Wn.2d 641, 219 P.2d 972 (1950), as follows:

"Turning now to a consideration of the other element in an attempt, the overt act, we find that term defined in 14 Am. Jur. 816, Criminal Law, § 68, as follows:

" 'In order to constitute an attempt, it is essential that the defendant, with the intent of committing the particular crime, do some overt act adapted to, approximating, and which in the ordinary and likely course of things will result in, the commission thereof. Therefore, the act must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory. In other words, while it need not be the last proximate act to the consummation of the offense attempted to be perpetrated, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement toward the commission of the offense after the preparations are made.'

"The courts have recognized the principles set forth as a guide to assist them in determining whether or not there has been an attempt to commit a crime. But the cases and authorities are agreed that it is the duty of the courts to consider the facts in each individual case, and determine from them, by a practical and common sense application of these principles, whether or not, in fact, there was an attempt to commit the crime charged."

Both of the elements, criminal intent and overt act, were present here; appellant knew they were engaged in some unlawful activity, in arranging to procure the narcotic in this manner under a false prescription. Also, he went into the drugstore with the avowed purpose of procuring the illicit drug under a fictitious name. Only the refusal of the druggist to deliver the drug prevented the completion of the crime.

■■ Appellant also assigned error against the entry of an order denying his motion for judgment notwithstanding the verdict of the jury, on the ground that there was no evidence or inference of evidence to justify the verdict. This contention is completely answered by the case of *State v. Holbrook,* 66 Wn.2d 278, 279, 401 P.2d 971 (1965):

Where there is evidence that is conflicting or is such

that reasonable minds may differ, the question is for the jury. [Citing cases.] It is the function and province of the jury to weigh the evidence, to determine the credibility of the witnesses and to decide the disputed questions of fact. [Citing case.]

A challenge to the sufficiency of the evidence or a motion having that effect admits the truth of the state's evidence and all inferences that reasonably can be drawn therefrom. Furthermore, the evidence is interpreted most strongly against the defendant and in a light most favorable to the state. [Citing cases.]

■ Appellant further contended that substantial justice demanded that a conviction based upon uncorroborated testimony of an accomplice be set aside. The proof of guilt in this case rested primarily upon the testimony of an accomplice. He cited *State v. Badda*, 63 Wn.2d 176, 385 P.2d 859 (1963), in support of this proposition. But the court stated, p. 180:

> The rule is long established in this state that the uncorroborated testimony of an accomplice is sufficient to support a conviction if the jury is instructed that they may receive such evidence only with great care and caution, must subject it to careful consideration in the light of other evidence in the case, and should not convict upon such testimony alone unless, after a careful examination of it, they are satisfied beyond all reasonable doubt of its truth. [Citing cases.]

(The jury was so specifically instructed by the court.)

The same rule is laid down in *State v. Gilcrease*, 63 Wn.2d 731, 735, 388 P.2d 962 (1964):

> This court, in *State v. McCaskey*, 55 Wn. (2d) 329, 347 P. (2d) 895 (1959), held that a person charged jointly with another with the commission of a crime may be convicted of aiding and abetting his codefendant and that an information similar to that filed in the present case is sufficient notice to one defendant that the acts of a codefendant (who is jointly charged with him) are, in legal contemplation, his own acts.

■ Finally, the case of *State v. Rosencrans*, 24 Wn.2d 775, 778, 167 P.2d 170 (1946), held:

> The testimony of appellant presented only a factual issue for the jury to determine. The jury's verdict will

not be disturbed if there is substantial evidence, or reasonable inference from the evidence, to establish the essential elements of the offense charged.

There was sufficient evidence, if believed by the jury (as it was) to sustain the verdict of guilty beyond a reasonable doubt.

The judgment and sentence based upon the verdict of guilty must be and is hereby affirmed.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.

*Reported in 418 P.2d 471.