[No. 2350-3.   Division Three.   March 30, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL J. COZZA, *Appellant.*

624

Richard L. Cease, Public Defender, and Richard F. Ayres, Jr., Assistant, for appellant.

Donald C. Brockett, Prosecuting Attorney, and Gregory G. Staeheli, Deputy, for respondent.

ROE, J.—Defendant Michael J. Cozza appeals a conviction of attempted second–degree burglary.

The record would permit the jury to find the following facts:

The defendant and Ron Norris visited Roy Katsel and Michael Presley at their apartment in the afternoon of January 26, 1977, to discuss money owed by Katsel to Norris. As a result of the conversation, Katsel issued Norris a check for $250. Sometime between 5 p.m. and 11 p.m.,

while Katsel and Presley were gone, the door to their apartment was pried open and two guitars, an amplifier, a television set and a jacket were stolen. The burglary was reported to the police. Early on the morning of January 27, two or more individuals attempted to pry open the Katsel–Presley apartment door. During the attempt, Katsel stayed by the door, and Presley called the police. However, before the police arrived the "possible intruders" left the scene. An occupant of an apartment in the same building saw two men of the general description of Norris and the defendant leave the area shortly before the police arrived.

A short time later, a second attempt was made to pry open the apartment door. Again Presley called the police and Katsel stationed himself by the door. During this attempt, the door was pried open but Katsel immediately shut it; however, while it was open, Presley saw one figure squatting near and another figure standing by the door. The police arrived and arrested Norris and the defendant approximately 10 feet from the door to the apartment building. A tire iron, which could have caused all of the pry marks on the apartment door, was discovered in the immediate vicinity.

Norris pleaded guilty to the January 26 burglary.

The defendant presents five issues:

1. Whether RCW 9A.28.020[1] is unconstitutionally vague;

2. Whether the jury should have been instructed on the lesser included offense of attempted second–degree criminal trespass;

3. Whether the jury should have been instructed that defendant's mere presence at the scene of the crime, coupled with knowledge of the crime or assent, approval or acquiescence to the commission of the crime did not constitute a crime or support a charge of being an accomplice.[2]

---

[1] RCW 9A.28.020 *Criminal attempt* provides in part:

"(1) A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime."

[2] Defendant's proposed Instruction No. 5: "Evidence of the defendant's mere

4. Whether the court should have excluded testimony of the burglary of the apartment or the first attempted break-in; and

5. Whether certain comments made by the prosecutor during closing argument denied the defendant his right to a fair trial.

██ With regard to the first issue, the defendant contends the term "substantial step" fails to define an ascertainable standard by which persons may measure their conduct. We disagree. It cannot be said that a man of reasonable understanding would be required to guess at the meaning of the phrase "substantial step toward commission of that crime." The term "substantial step" is not a technical one so as to require definition but rather clearly advises the public that mere preparation to commit a crime is not a criminal offense, *e.g.*, *State v. Goddard*, 74 Wn.2d 848, 447 P.2d 180 (1968). *State v. Denney*, 69 Wn.2d 436, 418 P.2d 468 (1966). *Cf. Model Penal Code* § 5.01(2). Consequently, the statute is not unconstitutionally vague within the rule announced in *Seattle v. Pullman*, 82 Wn.2d 794, 797–98, 514 P.2d 1059 (1973).

██ With regard to the second issue, the foregoing factual scenario was sufficient to warrant submission of attempted second–degree burglary to the jury. *See State v. Chacky*, 177 Wash. 694, 33 P.2d 111 (1934). Since the State's theory of prosecution was defendant's complicity with Norris and the defense theory, as set forth in defendant's proposed instruction No. 5 (see footnote 2) was non-participation, there was no evidentiary basis upon which to ground the lesser included offense. Hence, the refusal was proper. *State v. Snider*, 70 Wn.2d 326, 327, 422 P.2d 816 (1967).

██ With regard to the third issue, the jury was instructed that before they could find the defendant guilty,

---

presence at the scene of the crime, knowledge of the crime, or assent, approval, or acquiescence to the commission of the crime by another does not constitute a crime nor will it support a charge of being an accomplice." (Footnotes omitted.)

they had to find he took a substantial step toward unlawfully entering the apartment with the intent to commit a crime against a person or property therein. This more than adequately permitted the defendant to argue his theory of nonparticipation.

■ The fourth issue is without merit. Evidence of the prior burglary and the first attempted break–in clearly falls within the purview of the rule announced in *State v. Messinger,* 8 Wn. App. 829, 834, 509 P.2d 382 (1973), to at least show Norris' intent to commit a crime inside the apartment which was an essential ingredient of the crime with which defendant was charged, as well as to show defendant's intent and participation in a common scheme of burglary.

■■ Finally, defendant's objections to three instances during the prosecutor's closing argument do not warrant a reversal. The first instance was a permissible hypothecation for the discrepancy between defendant's statement on direct examination and his cross–examination explanation to a rebuttal witness' apparent contradiction. *State v. Adams,* 76 Wn.2d 650, 660, 661, 458 P.2d 558 (1969). The second instance resulted in the defendant's objection being sustained. At that point, defendant neither moved for a mistrial nor requested a curative instruction. Hence, he cannot now claim error on appeal. *State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966). The third instance, the prosecutor's comment upon the failure of the defendant to call Norris to corroborate his defense theory, was not improper because (1) Norris was peculiarly available to defendant and would have been able to elucidate the events of the morning of the 27th (*see State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968), *Graves v. United States,* 150 U.S. 118, 37 L. Ed. 1021, 14 S. Ct. 40 (1893)), (2) Norris had pleaded guilty to the commission of the January 26 burglary on the condition that he would not be prosecuted for either of the two January 27 attempts (*United States v. Doores,* 58 F. Supp. 491, 492 (E.D.Wash. 1945)); and (3) the defendant repeatedly attempted to place the responsibility for the

charged incident on Norris. *See State v. Studebaker,* 67 Wn.2d 980, 987–88, 410 P.2d 913 (1966). Notwithstanding the foregoing relative to (3), defendant objected to the comment, the court sustained the objection and orally instructed the jury to disregard the prosecutor's argument.

Judgment affirmed.

MUNSON, C.J., and McINTURFF, J., concur.

Reconsideration denied May 3, 1978.