[Nos. 39518-5-II; 39525-8-II.   Division Two.   March 15, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. RYAN ALEXANDER MILTON, *Appellant*.

*Valerie Marushige*, for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Karen D. Platt, Deputy*, for respondent.

¶1 PENOYAR, C.J. — Ryan Milton pleaded guilty to numerous felonies. About two months after the sentencing hearing, the trial court held a restitution hearing and ordered Milton to pay restitution to the crime victims. Milton waived his appearance at the restitution hearing and his appointed counsel did not appear. We hold that, under CrR 3.1(b)(2), Milton was entitled to have his appointed counsel present at his restitution hearing. Therefore, we vacate the trial court's restitution orders and remand for a new restitution hearing with counsel.

## FACTS

¶2 The State charged Milton with 15 felonies under two separate cause numbers. Milton pleaded guilty to 2 felony counts and entered *Alford*[1] pleas on the remaining 13 felony counts.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

¶3 On June 23, 2009, Milton and his appointed counsel appeared at the sentencing hearing. The trial court entered a judgment and sentence which, inter alia, scheduled a restitution hearing for August 28, 2009. Milton initialed a notice provision in the judgment and sentence that stated, "Defendant waives any right to be present at any restitution hearing." Clerk's Papers (CP) at 102. On June 23, Milton and his attorney also signed two scheduling orders—one for each cause number—each of which included the August 28 restitution hearing date and contained a handwritten notation above the trial court's signature, which stated "[defendant] waives presence, see [judgment and sentence]." CP at 27, 71.

¶4 Before the restitution hearing, the State filed restitution information with the trial court. This information included victims' restitution declarations and related attachments, including theft inventory lists, insurance estimates, and insurance claim details.

¶5 Only the State appeared at the August 28 restitution hearing. The trial court entered restitution orders directing Milton to pay $2,869.12 in cause no. 08-1-01775-5, and $60,434.58 in cause no. 08-1-04625-9. On both orders, the handwritten notation "[d]id not appear" occupies the signature line for the defendant's attorney. CP at 31, 112.

¶6 Milton filed a handwritten notice of appeal on both cause numbers. We consolidated the appeals.

## ANALYSIS

### Right to Counsel at Restitution Hearing

¶7 In this appeal, Milton originally argued that the trial court deprived him of his Sixth Amendment[2] right to counsel when it entered the restitution orders. We asked the parties to address the applicability of CrR 3.1(b)(2) in light of our well-established policy to avoid reaching consti-

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend VI.

tutional questions when it is unnecessary to do so. *See State v. Speaks*, 119 Wn.2d 204, 207, 829 P.2d 1096 (1992); *see also* RAP 12.1(b).

¶8 CrR 3.1(b)(2) provides, "A lawyer shall be provided at every stage of the proceedings, *including sentencing*, appeal, and post-conviction review." (Emphasis added.) This rule applies "to all criminal proceedings for offenses punishable by loss of liberty," including Milton's numerous felonies here. CrR 3.1(a). We interpret a court rule as though the legislature had enacted it, giving effect to the rule's plain meaning as an expression of legislative intent. *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007). We conclude that CrR 3.1(b)(2)'s plain language requires the provision of counsel at restitution hearings because, as we have previously stated, "the setting of restitution is an integral part of sentencing."[3] *State v. Kisor*, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993). Although the State argues that we should not reverse unless Milton demonstrates prejudice, it is the lack of counsel at the restitution hearing itself that prevented a reviewable record on this issue. Thus, because Milton was entitled to appointed counsel at the restitution hearing, we vacate the restitution orders and remand for a new restitution hearing with counsel.

¶9 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

---

[3] Aside from CrR 3.1(b)(2)'s plain language, we note that the legislature has enacted statutory language suggesting that restitution is a component of sentencing. At the time of Milton's crimes, the legislature defined "restitution" as "a specific sum of money *ordered by the sentencing court* to be paid by the offender to the court over a specified period of time as payment of damages." Former RCW 9.94A.030(34) (Laws of 2006, ch. 139, § 5) (emphasis added). Additionally, the legislature makes the sentencing court's imposition of restitution mandatory "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property . . . unless extraordinary circumstances exist which make restitution inappropriate." RCW 9.94A.753(5). And, when the sentencing court orders restitution, it shall, in relevant part, "determine the amount of restitution due *at the sentencing hearing* or within one hundred eighty days." RCW 9.94A.753(1) (emphasis added).

shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ARMSTRONG and QUINN-BRINTNALL, JJ., concur.

