IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30414-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY F. | ) | UNPUBLISHED OPINION |
| EVERYBODYTALKSABOUT, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Gregory Everybodytalksabout was convicted of 15 felonies, including six counts of burglary. The hearing to determine restitution was continued at his request and, ultimately, an order entered at a hearing that he did not attend. We affirm the convictions and remand for a restitution hearing.

## FACTS

Mr. Everybodytalksabout was charged along with several codefendants in a series of burglaries across five locations in Okanogan County. All of his codefendants reached plea agreements with the prosecutor, but his case proceeded to jury trial. Some of the former codefendants testified for the prosecution.

The details of the individual crimes are not significant to this appeal. The codefendants testified that Mr. Everybodytalksabout was at each crime scene and directed the other actors in their criminal activities. The codefendants also testified that in one instance Mr. Everybodytalksabout sold a stolen gun to a "Mexican on a tractor."

The jury was instructed on the principle of accomplice liability. The prosecutor argued the case on theories of both principal and accomplice liability. The jury convicted Mr. Everybodytalksabout as charged.

Sentences totaling 191 months were imposed on October 20, 2011. Mr. Everybodytalksabout contested the amount of restitution sought and the matter was set for hearing on November 21, 2011, before a different judge. For reasons unexplained in the record, that hearing did not take place. The State renoted the matter for hearing on March 12, 2012. Defense counsel and the prosecutor appeared on the calendar, but the defendant was not present due to incarceration with the Department of Corrections. Noting that Mr. Everybodytalksabout had not waived his presence at the hearing, the matter was continued to April 2, 2012.

On that date the defendant did appear by telephone; the prosecutor and defendant's trial counsel were present. Both attorneys had signed off on the restitution order which was supported by the victims' trial testimony establishing the amount of loss. The defendant, however, had not seen the documentation nor talked with trial counsel about it. Therefore, the trial court proposed setting the matter over to April 17 so that defense

counsel could communicate with his client and determine if there was need for a hearing. Defense counsel, however, was unavailable on April 17 and agreed to set the matter to May 15. The trial judge expressly stated that the time from April 2 to May 15 would be excluded from the 180 day period for establishing restitution. The court also explained to the defendant that the extension would give him time to decide if he wanted to be present for a restitution hearing.

Mr. Everybodytalksabout then addressed his pro se motion for bond pending appeal and told the court that he had hired an attorney from Portland who would be contacting both counsel the following Monday or Tuesday. The hearing therefore was stricken while the court and parties waited to hear from new counsel. The judge returned the proposed restitution order to the prosecutor.

Defense trial counsel and the prosecutor again appeared before the court on June 11, 2012. No new attorney had appeared for the defense and the defendant was not present, nor was there any indication whether or not he desired to be present. The record on this appeal likewise does not indicate whether or not there was a court appearance on May 15 or how the matter ended up in court on June 11. There also is no indication in the record that Mr. Everybodytalksabout personally knew of the June 11 hearing.

At that hearing, the prosecutor again handed up the restitution order to the court. Defense counsel explained to the court that "at the last time we had the restitution hearing" his client also had his own motion concerning the appeal and indicated new

3

counsel would be appearing. However, no new attorney had appeared or contacted him or the prosecutor. Defense counsel also explained that he believed the restitution amounts were proper and had been established by the trial testimony. However, given the uncertainty of his relationship with his client, all he could tell the court is "I would sign but I am sure he doesn't want me to sign anything." Report of Proceedings (June 11, 2012) at 3.

In response to the court's question, the prosecutor stated it was uncertain whether the defendant actually wanted to contest the restitution and that there was no indication he was doing so. After questioning counsel, the trial judge indicated that he would enter the proposed order while noting on it that defense counsel lacked authority to sign the order. In view of the witnesses testifying to the amounts of their losses at trial in the defendant's presence, the court found that the jury trial "satisfied the requirements for restitution hearing." *Id.* at 5. The order was entered.

## ANALYSIS

This appeal challenges the sufficiency of the evidence to support all of the counts as well as the possession of a stolen firearm count. Appellant also challenges the timeliness of the restitution hearing and his absence from it. We will address those challenges in the order noted.

4

No. 30414-1-III
*State v. Everybodytalksabout*

*Evidentiary Sufficiency*

Well-settled standards govern appellate challenges to the sufficiency of the evidence to support a conviction. We review such challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319; *Green*, 94 Wn.2d at 221-22. Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). "Credibility determinations are for the trier of fact and are not subject to review." *Id.* at 874.

Mr. Everybodytalksabout makes a broad based attack on his convictions, arguing that the codefendants were not credible witnesses and therefore the evidence was insufficient to find him criminally liable as an accomplice to their actions.[1] Although Washington treats accomplice testimony with great care, that fact does not aid him here.

---

[1] The defendant also filed a pro se statement of additional grounds raising numerous issues, including several sufficiency of the evidence claims. We have reviewed all of the arguments and specifically note that the sufficiency claims all fail for the reasons discussed above. His two sentencing claims and speedy trial argument are without merit and the remaining claims involve matters beyond the record of this appeal. RAP 10.10(c).

"The rule in Washington is that a conviction can rest upon the uncorroborated testimony of an accomplice, if the trier of fact, exercising due caution, believes the accomplice." *State v. Hall*, 46 Wn. App. 689, 691, 732 P.2d 524 (1987) (citing *State v. Mallory*, 69 Wn.2d 532, 535, 419 P.2d 324 (1966)). Such testimony, when used in a jury trial, requires a cautionary instruction. *Id.* (citing *State v. Denney*, 69 Wn.2d 436, 418 P.2d 468 (1966)). In the present case, a cautionary instruction was given to the jury regarding accomplice testimony.

Thus, the testimony of the codefendants was admissible and more than adequately supported the elements of the offenses. In particular, it supported the charges on which the defendant was treated as an accomplice. He was named by his confederates as the ringleader who directed their activities. He also was active in selling the property taken during the burglaries. Far from merely being present at the scene of all of the crimes, the jury was free to conclude that he was a true accomplice to the crimes.

For similar reasons, defendant also challenges the conviction for first degree unlawful possession of a firearm. He was treated as a principal for that offense. Codefendant Lawrence Sellars testified that Mr. Everybodytalksabout sold the rifle in question to a "Mexican on a tractor." As the defendant personally sold that rifle, he was in possession of it. The evidence thus supported the jury verdict.

Because the jury was permitted to rely upon the testimony of the codefendants, the evidence amply supported the verdicts.

6

*Restitution Hearing*

Mr. Everybodytalksabout also challenges the restitution order, contending that it was not timely entered and was wrongfully entered in his absence. We reject his first argument, but agree that he is entitled to a new hearing at which he can participate.

The authority to impose restitution is statutory. *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The court shall order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.753(5). There is no requirement that a victim's damages be foreseeable in order to support a restitution order. *State v. Enstone*, 137 Wn.2d 675, 680-82, 974 P.2d 828 (1999). In interpreting the restitution statutes, we must "recognize that they were intended to require the defendant to face the consequences of his or her criminal conduct." *State v. Tobin*, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007). Accordingly, the court should not engage in an overly technical construction that would permit the defendant to escape from just punishment. *Id.* The legislature intended "to grant broad powers of restitution" to the trial court. *State v. Davison*, 116 Wn.2d 917, 920, 809 P.2d 1374 (1991).

We review a restitution order for an abuse of discretion. *State v. Dedonado*, 99 Wn. App. 251, 255-56, 991 P.2d 1216 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

RCW 9.94A.753(1) provides in relevant part:

When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days except as provided in subsection (7) of this section. The court may continue the hearing . . . for good cause.[2]

The 180th day after the October 20, 2011, sentencing would have been April 17, 2012.[3]

*Timeliness*. Mr. Everybodytalksabout initially contends that the June 11 restitution order was clearly past the statutory deadline and should be voided. The State, in turn, distinguishes *State v. Moen*, 129 Wn.2d 535, 919 P.2d 69 (1996), and argues that because a timely objection on April 2 would have given him a hearing within the time limits, *Moen*'s holding that an objection could be raised initially on appeal should not apply. Although the State's argument has some force, it sounds in terms of waiver or invited error rather than appealability. *Moen* clearly stated that the timeliness of a restitution order can be raised for the first time on appeal. Mr. Everybodytalksabout can present this argument initially in this appeal.

Nonetheless, his timeliness challenge fails. The statute indicates that the 180 day period may be extended for "good cause." RCW 9.94A.753(1). Similar language in both current and former CrR 3.3 has long been interpreted to mean that a continuance sought by or on behalf of a criminal defendant operates to toll the rule's time for trial period.

---

[2] Subsection (7), not relevant here, requires courts to order restitution in all cases where crime victim's compensation is paid.

[3] 2012 was a leap year.

8

*E.g., State v. Ollivier*, 178 Wn.2d 813, 312 P.3d 1 (2013) (current rule) (citing *State v. Campbell*, 103 Wn.2d 1, 15, 691 P.2d 929 (1984) (former CrR 3.3)). This construction also has been applied to toll other statutory time periods that may be extended for good cause. *E.g., State v. Johnson*, 79 Wn.2d 173, 177, 483 P.2d 1261 (1971) (120 day period of in-state detainer act, chapter 9.98 RCW: "The continuance having been granted on the basis of the defendant's own request, he cannot now assert it was not granted for good cause, or that it was not necessary or reasonable."); *In re Det. of C.M.*, 148 Wn. App. 111, 197 P.3d 1233 (2009) (MRP 1.2 and RCW 71.05.310 time period for involuntary detention hearings).

Applying these cases to this situation, we conclude that the continuance granted on April 2 tolled the remaining 15 days in which to hold the hearing. The trial court expressly called that fact to the defendant's attention. Rather than object or request an earlier hearing, he preferred to press his request to have his bail motion argued by the new counsel he was hoping to hire. The continuance of the restitution hearing was not discussed at all.

The unexplained change of the hearing date to June 11 is potentially problematic, but on this record we can only attribute it to the April 2 continuance to await an appearance by counsel who never appeared. As the State had its proof in hand and was ready to proceed in April (as it had been in March), and defense counsel and the defendant were also present but preferred not to resolve the matter that day, there is no

9

reason for believing some other cause was at work. Defense counsel had not been replaced, nor was there any motion pending to substitute new counsel, so the trial court could have permitted the matter to proceed on April 2 with the counsel of record. The strained relationship between the defendant and his existing counsel appears to be the reason the court did not resolve the matter at that time, but, instead, continued the matter to facilitate an agreed resolution. Although the court could have required that restitution be resolved on April 2 when the parties were present and the State ready to proceed, we cannot fault the trial court and counsel for attempting to reach an informed agreement.

The trial court extended the period for the restitution hearing in order to accommodate the defendant and, particularly, his effort to obtain new counsel. Good cause was shown for the extension and, accordingly, the 180 day period was tolled. The restitution order was timely entered.

*Presence at Hearing.* Mr. Everybodytalksabout also argues that the court erred in conducting the restitution hearing in his absence. In this instance the failure of the record to explain why he was not present works in his favor.

A defendant has a right to be present at a restitution hearing and be represented by counsel at that hearing. *State v. Milton*, 160 Wn. App. 656, 659, 252 P.3d 380 (2011); *State v. Kisor*, 68 Wn. App. 610, 844 P.2d 1038 (1993). Mr. Everybodytalksabout previously asserted at sentencing the right to be present and was in fact present for the

10

April 2 hearing. However, he was not present on June 11 when the order finally entered, although we do not know why that was the case.

A waiver is the voluntary relinquishment of a known right. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). Mr. Everybodytalksabout may have been satisfied with the State's proof and abandoned his desire to contest the amount of restitution. The trial court may have concluded that he waived his right by not attending the June 11 hearing and/or not retaining new counsel to appear for him. However, this record does not allow us to draw those conclusions. The record does not reflect that Mr. Everybodytalksabout even knew about the June 11 hearing. There also is no indication that he had changed his mind and abandoned the contest.

In this circumstance we cannot conclude that the defendant expressly waived his right to be present or implicitly did so by not appearing. Since the defendant's absence is unexplained in the record, we conclude that the court erred in entering the restitution order. The restitution order is reversed and the matter remanded for a new hearing.

No. 30414-1-III
*State v. Everybodytalksabout*

Affirmed in part, reversed in part, and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____        _____
Kulik, J.P.T.                                                     Fearing, J.