IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,           )    No. 79884-7-I
                               )
              Respondent,      )
                               )
       v.                      )    UNPUBLISHED OPINION
                               )
JAMES CURWOOD,                 )
                               )
              Appellant.       )    FILED: DEC 3 0 2019
_____)

PER CURIAM — James Curwood challenges the restitution ordered following his guilty plea to second degree malicious mischief. He contends, and the State concedes, that the restitution order must be vacated because it was entered following a hearing at which neither Curwood nor his counsel were present. See CrR 3.1(b) (2); State v. Milton, 160 Wn.App. 656, 252 P.2d 380 (2011). We accept the State's concession and remand for a new restitution hearing. Curwood also argues that '[e]ven if this Court does not reverse the restitution award based on the constitutional violations," the State failed to demonstrate a causal connection between Curwood's acts and the portion of the restitution award for damage to signage. The State responds that the argument "relating to the proper amount of restitution can be litigated before the trial court at a new hearing." Because we reverse and vacate the restitution award, and because Curwood has not responded to the State's argument, we leave the signage/causation issue for the trial court.

Vacated and remanded for further proceedings.

FOR THE COURT:      _Mann, ACJ_____

                    _Dwyer, J._____

                    _Appelwick, CJ_____