IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 85689-8-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| NORRIAN BERNARD PHILLIPS, | |
| Appellant. | |

BOWMAN, J. — Norrian Bernard Phillips pleaded guilty to 14 counts of second degree burglary and 2 counts of attempted second degree burglary. He appeals the trial court's denial of his request for a prison-based drug offender sentencing alternative (DOSA). And he argues the court erred by imposing restitution at a hearing where neither he nor his attorney were present. We affirm the trial court's denial of Phillips' DOSA request but vacate the restitution order and remand for further proceedings.

FACTS

Over several months in 2022, Phillips repeatedly broke into numerous offices in the Seattle and Renton areas. The offices were mostly part of large technology, streaming service, and gaming companies housed in buildings with security systems and security personnel. Phillips stole hundreds of thousands of

dollars' worth of items, mostly laptops, from the companies and caused tens of thousands of dollars' worth of property damage.[1]

The State charged Phillips with 14 counts of second degree burglary and 2 counts of attempted second degree burglary. Phillips pleaded guilty to all 16 counts. As part of the plea, the State agreed not to file charges against Phillips for five other pending burglary cases from the Seattle, Bellevue, and Redmond police departments. And Phillips agreed to pay restitution in the charged and uncharged cases. The State also agreed not to ask for an exceptional sentence upward. Instead, it would request a high-end concurrent sentence of 68 months. The State would not recommend an alternative sentence but agreed Phillips could request a prison-based DOSA.

At sentencing, Phillips requested a DOSA and stressed that his "criminal activity is propelled by substance abuse and will likely reoccur if not treated." The State did not contest that Phillips was eligible for a DOSA but argued it was inappropriate because his crimes did not present a "nexus to drug addiction." In its colloquy with Phillips, the court noted that it read the probable cause certifications and the defense presentencing report "carefully." And it extensively discussed with Phillips the underlying facts of his convictions and his drug use. During the conversation, Phillips also asked the court to impose a "mental health alternative sentencing" and an exceptional sentence below the standard range.

---

[1] In one case, only 30 minutes after the jail released him on a different burglary charge, Phillips attempted to burglarize a company he had stolen from several times before.

2

The court declined to impose a DOSA because it did not "see a nexus" between Phillips' drug use and his offenses. It noted that "[d]rug addiction may have been a concurrent issue" but found that "this very sophisticated, well-planned, well-executed, in a short period of time breaches of sophisticated companies is not consistent with being driven by drug addiction." The court imposed a concurrent high-end sentence of 68 months. The court also ordered restitution to be determined at a later hearing, and Phillips waived his right to be present at the hearing.

Five months later, the State sent defense counsel a proposed restitution order totaling $97,161.88. Defense counsel did not sign the proposed order, so the State scheduled a restitution hearing for the following month. Neither Phillips nor his attorney appeared at the hearing. The court verified that defense counsel had received notice and explained that it had e-mailed and called him that morning. Having received no response, the court proceeded with the hearing. The court granted the State's request and issued an order of restitution for $97,161.86.

Phillips appeals.

## ANALYSIS

Phillips argues the trial court erred by refusing to impose a prison-based DOSA and by ordering restitution at a hearing without his counsel present.

3

1. <u>DOSA</u>

Phillips contends the court abused its discretion by declining to impose a DOSA "simply because [he] committed the offenses in a sophisticated and well-executed manner." We disagree.

The DOSA program authorizes trial judges to sentence eligible, nonviolent drug users to reduced confinement time in exchange for their participation in substance use disorder (SUD) treatment and increased supervision to assist in addiction recovery. *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005); *see* RCW 9.94A.660. The court may impose a DOSA if it determines that the defendant is eligible under RCW 9.94A.660(1) and that a DOSA is appropriate. RCW 9.94A.660(3). A defendant is not entitled to a DOSA, but he "*is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." *Grayson*, 154 Wn.2d at 342.

We review a trial court's decision about whether to impose a DOSA for abuse of discretion. *State v. Smith*, 118 Wn. App. 288, 292, 75 P.3d 986 (2003). A trial court has broad discretion in determining whether to grant a DOSA. *Grayson*, 154 Wn.2d at 341-42. And, generally, that decision is not reviewable. *State v. Lemke*, 7 Wn. App. 2d 23, 27, 434 P.3d 551 (2018). But a defendant may seek appellate review "if the trial court refused to exercise discretion at all or relied on an impermissible basis in making the decision." *Id.*; *Grayson*, 154 Wn.2d at 342 (a categorical failure to consider a defendant's request of a sentencing alternative authorized by statute is an abuse of discretion). A trial court relies on an impermissible basis if, for example, it

refuses to consider the request because of the defendant's race, sex, or religion. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

Here, the record shows that the court "actually considered" Phillips' request for a DOSA sentence. *Grayson*, 154 Wn.2d at 342. The court "carefully" considered Phillips' drug use in the context of the specific circumstances of his crimes, noting that the schemes were "complex" and "brilliant." Ultimately, the court concluded that his crimes were "very sophisticated, well-planned, well-executed," and committed in a way that differed from crimes driven by drug addiction. As a result, the court determined that there was no nexus between Phillips' drug use and his criminal enterprise.

Still, Phillips argues that the court abused its discretion because it categorically denied his DOSA request. According to Phillips, the trial court determined that it would never impose a DOSA sentence for defendants convicted of sophisticated crimes.[2] But the record shows the court determined that a DOSA was not appropriate for Phillips specifically under the circumstances of his sophisticated crimes. It pointed to the lack of evidence that drug use drove Phillips to commit his crimes, and its ruling implies that a DOSA would not protect

---

[2] Phillips also argues that the court needed to consider on the record the four factors listed in RCW 9.94A.660(5)—whether he suffers from SUD, whether the SUD is such that it is likely to cause future criminal behavior, whether SUD treatment is available, and whether Phillips and the community would benefit from a DOSA. And he emphasizes that those factors focus on " 'the offender' " and not " 'the offense.' " But RCW 9.94A.660(5) provides guidance for SUD evaluations "[i]f the court is considering imposing a sentence under the residential [SUD] treatment-based alternative." And the court here was considering a prison-based DOSA. In any event, the record shows that the court did consider the issues described in RCW 9.94A.660(5).

the community from Phillips because drug use did not appear to be the underlying cause of his criminal behavior.

Phillips fails to show that the trial court categorically denied his request for an alternative sentence.

2. Restitution

Phillips argues the trial court erred when it ordered restitution at a hearing without his lawyer present. The State concedes error. We accept the State's concession.

Under CrR 3.1(b)(2)(A), "[a] lawyer shall be provided at every stage of the proceedings, including sentencing." This rule applies to restitution hearings because " 'the setting of restitution is an integral part of sentencing.' " *State v. Milton*, 160 Wn. App. 656, 659, 252 P.3d 380 (2011) (quoting *State v. Kisor*, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993)).

Here, neither Phillips nor his attorney were present at his restitution hearing. And while Phillips waived his right to be present at the hearing, he did not waive his right to have his attorney present. Still, the court proceeded with the hearing and ordered $97,161.86 in restitution. Because Phillips had a right to have his attorney present at his restitution hearing, we vacate the restitution order and remand for further proceedings.

We affirm Phillips' sentence but vacate the trial court's restitution order and remand for further proceedings.

_____ Brennan, J

WE CONCUR:

_____          _____
Chung, J.                          Smith, C.J.